Turk v. Stahl.

HELEN TURK, Appellant, *vs.* SAMUEL STAHL, Respondent.

| 53 | 437 |
| 112 | 519 |

1. *Bills of exchange and promissory notes—Time of payment fixed—Days of grace—Statute, construction of.*—Bills of exchange and promissory notes, payable at a day certain are entitled to three days of grace. (W. S., 216, § 15; 217, § 18.)

*Appeal from Madison Circuit Court.*

*Fox and Duchouquette with Math. J. Clardy,* for Appellant.

I. All promissory notes are payable at the time indicated therein, absolutely and without days of grace. (W. S., 216, § 15.) Section 18, W. S., 217, merely adopts a different mode of expression.

*B. B. Cahoon,* for Respondent.

I. The note sued on, being for the payment of money to the payee therein named, or order, and expressed to be for value received, was negotiable, and in this State has the same effect as an inland bill of exchange, under the law merchant. (W. S., 216, § 15: Kel. Mo. Trea., 322–3.)

II. Inland bills of exchange, and negotiable promissory notes, are entitled, and subject, to three days of grace. (Brown vs. Harraden, 4 T. R., 148; 1 Pearson Notes and Bills, 393 and note; Bank of Washington vs. Triplett, 1 Pet., 25; Wood vs. Corl, 4 Metc., 203; Redf. and Big., Lead. Cas. Bills and Notes, 308; Story on Bills of Exchange, §§ 332–346; Ivory vs. Bank of Missouri, 36 Mo., 475; Lucas vs. Ladew, 28 Mo., 342; Kuntz vs. Temple, 48 Mo., 71.)

III. All contracts are made with reference to existing laws, and the three days of grace, though not generally expressed on the face of negotiable notes, or inland bills of exchange, enter into the contract of their making as much as though they were expressly agreed in the notes or bills to be given. (Ogden vs. Saunders, 12 Wheat., 213; Gracie vs. Marine Ins. Co., 8 Cranch., 75; Mills vs. Bank of U. S., 11 Wheat., 431; Bank of Washington vs. Triplett, 1 Pet., 25.)

IV. A demand made before the third day of grace is a mere nullity, and the same as if made before the instrument was due. (Ivory vs. Bank of Missouri, 36 Mo., 475.)

V. The suit was prematurely brought, and the plaintiff cannot recover in this action. (Estis vs. Tower, 102 Mass., 65 ; Gordon vs. Parmelee, 15 Gray, 413.)

VI. Sections 15, 18 and 19, Chap. 18, (W. S.,) are transcripts from the English Statute, and the words,—"shall be due and payable as therein expressed " &c.,—have always been construed to mean only, that no other proof of the date or consideration of the instrument, than that expressed on their face, shall primarily be necessary to make. out a *prima facie* case, in the actions upon negotiable notes or inland bills of exchange. (W. S., 270, § 6.)

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit originally instituted before a justice of the peace by Helen Turk against Samuel Stahl, on an instrument of writing in these words :

$100.00.                                     Sept. 1st, 1871.

Ten days after date, I promise to pay Joseph Turk, or order, the sum of one hundred dollars, for value received.

SAMUEL STAHL.

The plaintiff, to whom the note had been transferred, instituted suit on the same on the 13th day of September, obtained service on the defendant on the same day, and subsequently recovered judgment for the sum specified in the note, and interest.

From this judgment the defendant appealed to the Circuit Court, which held, that as the note was entitled to three days grace, therefore that the action was prematurely brought, and gave a declaration of law to that effect. Thereupon the plaintiff took a non-suit, with leave, &c.,—and now insists, that because § 15 of that chapter of our statute, respecting Bills of Exchange, provides, that "Every promissory note for the payment of money to the payee therein named, or order, or bearer, and expressed to be for value received, shall be due and payable as therein expressed, " that it must necessarily follow, that such notes fall due on the day mentioned on their face, and consequently, that days of grace are not allowable

on such paper, and the court below erred in so declaring the law.

There would be somewhat of plausibility in this view of appellant, were our attention to be circumscribed within the limits of the section above referred to.

But our examination must be of a more extended character. We must look to the whole of the act in question, as well as to the state of the law before the interference of statutory regulation.

By the law merchant, all bills of exchange, whether payable at sight, on demand, or at a day certain, were entitled to three days of grace. And the concluding words of § 15, *supra*, place the notes therein referred to, on the same footing "as inland bills of exchange."

Section 18 of the same act only prohibits days of grace as to bills &c., payable "at sight or on demand;" thus leaving the law as to bills and notes payable at a day certain, just as it was, prior to the enactment of our statute.

For these reasons, the judgment of the court below must be affirmed. The other Judges concur.