McCOY ET AL. V. FARMER ET AL., PLAINTIFFS IN ERROR.

1. **Reviewable Errors :** MOTION FOR NEW TRIAL. The Supreme Court will not review the action of the trial court in overruling a motion to dismiss the suit on the ground that the charter of the plaintiff corporation had expired, and in permitting a substitution of parties and revival of the suit, unless these were assigned as errors in a motion for new trial.

2. **Instructions** upon a state of facts, which is shown by the concurring testimony of all the witnesses not to have existed, are properly refused.

3. **Statute of Limitations :** PROMISSORY NOTE: DAYS OF GRACE. The statute of limitations does not begin to run against a promissory note until three days after the date, when, by its terms, it is due.

4. **Dissolved Corporation, Debts to.** Debts due a moneyed corporation do not become extinct upon its dissolution.

*Error to Cass Circuit Court.*—HON. F. P. WRIGHT, Judge.

Defendant's motion to dismiss the suit referred to in the opinion of the court, assigned the following grounds, viz : 1st. That plaintiff's charter expired by limitation on the 22nd day of February, 1873, and plaintiff cannot now

further prosecute in said action. 2nd. That by reason of the expiration of plaintiff's charter plaintiff has no existence and cannot maintain the action. 3rd. That upon the dissolution of plaintiff as a corporation, by reason of the expiration of its charter, the demand sued upon became extinct.

*Hall & Given* for plaintiff in error.

I. Upon the expiration of its charter the corporation was fully and completely dissolved, and no steps had been previously thereto taken by creditors, or other persons, to wind up its affairs by having a receiver appointed, or otherwise. It is well settled that upon the dissolution of a corporation the debts due to and from it are totally extinguished, unless that result has been averted by some provision in the charter or by the operation of some statute, general or special, which was not the case here. Angel & Ames, Corp., 7th Ed., Sec. 779; *Miami Exporting Co. v. Gana,* 13 Ohio 269; *Renick v. Bank of West Union,* Ib. 298; *Conwell v. Pattison,* 28 Ind. 509. All suits then pending for it must therefore abate. Ang. & Ames Corp. p. 162. *Lindell v. Benton,* 6 Mo. 361 is not in conflict with this view. Besides, the company had transacted no business for near ten years before the commencement of this suit, had laid dormant, had exercised none of its functions or rights as a corporation for that period of time, had in fact ceased to exist long before the expiration of its charter. Even an act of the Legislature renewing a charter, passed after the corporation had been dissolved by expiration of its charter term of existence, will not revive its debts. Ang. & Ames on Corp., 7th Ed., p. 163, Sec. 196. *Comm. Bank v. Lockwood,* 2 Harring. (Del.) 8; *Foster v. Essex Bank,* 16 Mass. 245.

II. The court below erred in permitting the suit to be revived in the name of McCoy et al. as trustees. At the date of the expiration of the charter they were not directors thereof. It is admitted by them that no election

for directors had been held after the first Monday in April, 1861, near twelve years before the charter expired, and that but two meetings of this alleged board had ever been held, the first of which was in 1869. By the charter the directors were to hold only during the "ensuing year" after their election. They had therefore no power to hold over. *St. Louis v. Russell*, 9 Mo. 507; *Blair v. Perpetual Ins. Co.*, 10 Mo. 559; *Han. & St. Joe R. R. Co. v. Marion Co.*, 36 Mo. 294; *Bank of Louisville v. Young*, 37 Mo. 398; *Ruggles v. Collier*, 43 Mo. 353; *Mathews v. Skinker*, 62 Mo. 329; *Ohio Ins. Co. v. Nunnemacher*, 15 Ind. 294; *Bank of U. S. v. Dandridge*, 12 Wheat. 64; *Head v. Providence Ins. Co.*, 2 Cranch 127.

III. The motion to dismiss going to the then plaintiff's right to further maintain its suit, and the action of the court thereon having been preserved in the bill of exceptions, it occupied the same footing as a demurrer and was a part of the record proper and no part of the proceedings at trial, a matter of error and not of exception, and there was no manner of necessity for referring to it in the motion for a new trial. *Jones v. Manly*, 58 Mo. 559; *Peltz v. Eichele*, 62 Mo. 171; *Bateson v. Clark*, 37 Mo. 31; *State v. Matson*, 38 Mo. 489.

IV. The note was barred by the statute of limitations. *Presbrey v. Williams*, 15 Mass. 193; *Jacobs v. Graham*, 1 Blackf. 392; *Ryman v. Clark*, 4 Blackf. 329; *Little v. Blunt*, 9 Pick. 491; *Arnold v. U. S.*, 9 Cranch 104.

*A. Comingo & R. O. Boggess* for defendants in error.

NORTON, J.—This suit was brought in the Circuit Court of Cass county by the Independence Fire and Marine Mutual Insurance Company on a note executed to it by defendants, due four months after date, and dated January 1st, 1861, for $96.73-100. This suit was instituted on the first day of May, 1871. The defendants appeared to the action, and filed their answer, subsequently to which time,

in November, 1873, the charter of the said company, by the terms of the act creating it, expired, at which time the present plaintiffs filed their petition in said court, praying that the suit be revived, and that they, being the last board of directors, should be permitted to prosecute the same as trustees for the benefit of those interested. The prayer of this petition was granted, the suit revived, and plaintiffs were allowed to prosecute the same, against the objection of defendants. The defendants answered the petition, denying the existence of said corporation, or·that said plaintiffs were the directors of the corporation at the time of its dissolution, or had ever been such directors. They admit the execution of the note, but deny that there was anything due on it, and allege that they were only to pay said note when it should be necessary to meet losses, and that no losses had occurred. The right of plaintiffs to prosecute the suit as trustees is denied, and the statute of limitations is set up as a bar. The replication of plaintiffs denies all the allegations of the answer. On the trial plaintiffs obtained judgment for the amount of the note and interest, and defendants, having made an ineffectual motion for a new trial, bring the cause here by writ of error.

The only error complained of in the motion for new trial was as to the action of the court in giving the 1. REVIEWABLE ERRORS : Motion for new trial. instructions asked by the plaintiffs and refusing those asked by the defendants. We will not, therefor, consider the action of the court in overruling defendants' motion to dismiss the suit, nor its action in reviving the suit and permitting plaintiffs to prosecute the same, neither of these causes being incorporated in the motion for a new trial. If they were intended to be relied upon here, they should have been so incorporated. It was due to the court below that its attention should have been thus called to all the matters complained of, and which would be relied upon as ground of reversal. This has been repeatedly held to be necessary by this court. *Acock v. Acock*, 57 Mo. 155; *Lancaster v. Washington Life Ins. Co.*,

62 Mo. 121; *Curtis v. Curtis*, 54 Mo. 352; *Brady v. Connelly*, 52 Mo. 19.

The instructions given on behalf of plaintiffs, are as follow:

1. That defendants have introduced no evidence that shows a legal defense against the note sued on, and the jury are instructed to find for plaintiffs.

2. If the note was executed on the first day of January, 1861, and was made payable four months after date, and this suit was instihued on the first day of May, 1871, then defendants cannot avail themselves of the defense of the statute of limitations, and there is no evidence to the contrary.

The following instructions asked by defendants were refused:

1. If the jury find from the evidence that the note in controversy was signed and delivered by defendants, with the understanding and agreement that the note was only to be collected for the payment of losses sustained thereafter by the Independence Fire and Marine Insurance Company, and that said company did not, after the date of said note, sustain any loss, then the jury would find for defendants.

2. If the jury believe that plaintiff's cause of action did not accrue within ten years before the commencement of this suit, then they will find for defendants; and the jury are instructed that plaintiff's cause of action accrued on the 1st day of May, 1871.

3. The jury are instructed, that upon the dissolution of the Independence Fire and Marine Mutual Insurance Company by expiration of its charter, all debts due to said company became extinct; and the jury will find for the defendants.

One of the defendants testified that he did not know the exact consideration of the note, that he had signed it 2. INSTRUCTIONS. as security for Simpson, Glenn & Co., and that it had been given in renewal of a previous note. Another defendant, Glenn, testified that the note was exe-

cuted in renewal of another note to said company, and that the consideration of both notes was premiums earned by said company by insurance and interest on premiums after they became due. This was all the evidence offered by defendant, and we think it justified the court in giving the first instruction for plaintiffs, and in refusing the first asked for by defendants.

The case of *Pink v. Stahl*, 53 Mo. 437, fully justified the court in giving the second instruction for plaintiffs and 3. STATUTE OF LIM- refusing the second presented by defendants. ITATIONS: Promis-ory note; days of It was there held that suit brought on the grace. 13th day of September, 1871, on a note dated September first, 1871, payable ten days after date, was prematurely instituted, on the ground that the payer was entitled to three days of grace.

After the statement of the doctrine in Angell & Ames on Corporations, that at common law, after the civil death 4. DISSOLVED COR- of a corporation, all debts due to and from PORATION, DEBTS TO. it are totally extinguished, the author adds, that "the rule of the common law in relation to the effect of dissolution upon the property and debts of a corporation has in fact become obsolete and odious. Practically it has never been applied in England to insolvent or dissolved moneyed corporations, and in this country its unjust operation upon the rights of both creditors and stockholders of this class of corporations is almost invariably arrested by general or special statute." This we think has been done in the case at bar by an act of the legislature, passed in 1865, entitled "An act for the benefit of the Independence Fire and Marine Mutual Insurance Company," which provides that "the directors of the Independence Fire and Marine Mutual Insurance Company are hereby authorized to proceed to wind up the business of said company as speedily as they may deem it to the interest of the company to do so, and the said directors are hereby empowered to receive outstanding dividend certificates in payment of debts due the company on such terms as they may

deem proper." Acts, 1865, p. 206. It is also provided in Sec. 21 Wag. Stat. 293, that upon the dissolution of any corporation already created or which may hereafter be created by the laws of this state, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be the trustees of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money will enable them; to sue for and recover such debts and property by the name of the trustees of such corporation, describing it by its corporate name; and may be sued by the same. We therefore think in the light of these enactments that the court committed no error in refusing the third declaration of law asked for by defendants. Judgment affirmed, the other judges concurring.

AFFIRMED.