BROWN, *Appellant*, v. HOFFMEISTER.

71 411
33a 486
71 411
42a 255
71 411
150 450
78a 26

1. **Value of Books a Lawyer may hold Exempt from Execution.** The privilege extended by the 11th subdivision of section 9, of the execution law to every lawyer who is the head of a family, of holding exempt from execution such books as may be necessary to his profession, in the place of other property, does not exempt his entire library, regardless of value, but only so much of it as he may select within the limit of value fixed by the other subdivisions of the same section. (Wag. Stat., p. 603; R. S. 1879, § 2343.)

2. ———: SELECTION. A claim of exemption made by a lawyer for all of his professional books, to an amount much greater than the law allows, as well as all of his other personal property, is not such a selection as the law intends. The officer may, therefore, disregard it.

3. **Duty of Officer as to Notifying Debtor of Exemption.** Where an execution debtor, in advance of a levy, notifies the officer holding the writ that he claims exemption for all his property, the

latter will not be liable in damages if he makes the levy without formally apprising him of his rights under the exemption law.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

AFFIRMED.

Defendant, as marshal of the Cape Girardeau common pleas court, held an execution in favor of one Meyers and against the present plaintiff. The latter was a practicing lawyer, and owned a library of law books worth $3,000, besides other personal property worth $700. Defendant being about to make a levy, Brown wrote him a letter, in which he gave a list of his books and claimed exemption for all of them, as well as his other property. Defendant, nevertheless, levied upon and sold part of the books. Brown then brought this suit, alleging that the books were all exempt from execution, and that the levy was illegal. There was a judgment for defendant. Hence this appeal.

*Wilson Cramer* and *Lewis Brown* for appellant.

*Houck & Ranney* for respondent.

SHERWOOD, C. J.—The question presented by the record is whether the defendant, an officer, was justifiable in making a levy on and sale of the books of plaintiff, he being a lawyer. Whether the officer could justify under the writ, would, for the most part, depend upon whether the property seized and sold was, under the law, exempt. The 9th section of the act respecting executions, provides that certain property, when owned by the "head of a family," shall be exempt from execution. 1 Wag. Stat., p. 603, § 9. And the 11th subdivision of that section gives all lawyers the "privilege of selecting such books as may be necessary to their profession, in the place of other property herein allowed, at their option."

We do not agree with counsel for plaintiff that it

stands admitted by the pleadings " that said books are, and were necessary to plaintiff, in his profession as a lawyer," or that plaintiff was the head of a family, since the opening paragraph of defendant's answer contains a general denial of the averments of the petition ; and this is sufficient under the amendatory statute of 1875. R. S. 1879, § 3521. So that, as there was no evidence introduced that the plaintiff was " the head of a family," and as that averment of the petition was controverted by the answer, it follows that plaintiff has failed to show himself entitled to any exemption, and consequently, to any right of action against the officer, and the judgment should, therefore, be affirmed.

But waiving such merely technical considerations, we do not think the plaintiff has shown himself entitled to a recovery upon the merits. Our view of the 9th section, *supra*, is, that the construction of the 11th subdivision, contended for by the plaintiff, cannot prevail. By providing that a lawyer, the head of a family, might have the privilege of selecting such books as should be necessary to his profession, in the place of other property, the legislature certainly never intended to establish a rule so greatly lacking in uniformity, as would limit the exemption in the majority of cases to a comparatively small sum, but in the case of a lawyer would allow him to select as exempt, a library, without regard to its value, and then make him the " sole judge" of what books were " necessary." We think it a far more reasonable construction of the statute to hold that, while a lawyer may select such books as may be necessary to his profession, yet as such books are to be selected " in the place of other property," which the same section previously exempts, the books should not exceed in value " other property" in lieu of which the books may be selected ; in short, that the mere option of the debtor should not enlarge his exemption under the law.

1. VALUE OF BOOKS A LAWYER MAY HOLD EXEMPT FROM EXECUTION.

So far as concerns the instructions, they were, in our

opinion, far more favorable to the plaintiff than he was strictly entitled to ; and the fifth instruction given at his instance, was directly at variance with our views heretofore expressed. And we find no error in refusing the other instructions asked by plaintiff.

The first instruction was properly refused, because the evidence showed that plaintiff refused to select such books 2. ——: selection. as were necessary, but claimed his whole library, worth a large sum, as well as all his other property, as exempt from execution. This was not such a selection as the law required him to make.

There was no necessity for the officer to go through the barren ceremony of apprising plaintiff of his rights. 4. DUTY OF OFFICER His letter to the officer, as well as the testi-AS TO NOTIFYING mony adduced, showed that plaintiff himself DEBTOR OF EXEMP-TION. was sufficiently aware of his rights in the premises. The law does not require the doing of a nugatory act. Holding these views, we affirm the judgment. All concur.