THE STATE TO THE USE OF W. MONKS, ADMINISTRATOR,
Respondent, v. SETH BACON ET AL., Appellants.

St. Louis Court of Appeals, February 1, 1887.

1. PLEADING—SUFFICIENCY OF PETITION.—A petition is fatally defective where all the facts therein stated will not, if true, warrant a recovery.

2. ——— EXEMPTIONS — EXECUTIONS — OFFICER'S LIABILITY. — In an action on a constable's bond for failing to advise an execution defendant of his exemption rights, the allegation that the plaintiff was the head of a family, and, as such, entitled to claim as exempt the property levied on, is essential.

3. ——— MEASURE OF DAMAGES—ILLEGAL LEVY.—The measure of damages for an illegal levy is, in the absence of aggravating circumstances, the value of the property taken, with interest from the date of the taking to the date of the trial.

APPEAL from the Howell County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and remanded.*

L. B. WOODSIDE, for the appellants: The petition must allege that the plaintiff was the head of a family. *Brown v. Hoffmeister*, 71 Mo. 412 ; *Cook v. Putnam Co.*, 71 Mo. 668 ; *Pierre v. Heinrichoffen*, 52 Mo. 333 ; *Scott v. Robards*, 67 Mo. 289. The measure of damages is the value of the property taken if not returned. *The State to use v. Smith*, 31 Mo. 566. The judgment is erroneous for the reason that it was rendered for the amount of the damages claimed instead of the amount of the penalty of the bond. *The State ex rel. v. Fitzpatrick*, 64 Mo. 185.

D. H. McINTYRE and W. MONKS, for the respondent : The court did not commit error in overruling the demurrer. The defendant could not fail to understand

the grounds upon which he was charged, the petition sufficiently advised him of that, and that was sufficient. *Duncan's Adm'r v. Duncan*, 19 Mo. 368; *Pierre v. Heinrichoffen*, 52 Mo. 333, 336. Facts necessarily implied, or necessarily inferable, need not be stated. *Bird v. Cotton*, 57 Mo. 568; *Cross v. Railroad*, 77 Mo. 318; *Evans v. Bank*, 79 Mo. 182; *The State ex rel. v. Rush*, 77 Mo. 586. The demurrer admits all the facts well pleaded. Bliss on Code Plead., sect. 418; *The State ex rel. v. Sandusky*, 46 Mo. 377, 380.

ROMBAUER, J., delivered the opinion of the court.

This is an action upon a constable's bond for official misconduct. The breaches assigned and damages claimed are stated in the petition in the following manner:

"And the plaintiff says that the said Seth Bacon has broken the condition of the said bond, in this, that heretofore, to-wit: on the 8th day of May, 1882, the said Seth Bacon levied an attachment upon a certain mule, the property of the said L. B. Vernon, at the suit of Lawson Scott against L. B. Vernon, C. K. Vernon, and J. H. Vernon, before one W. G. Cantrell, a justice of the peace in Howell township, in the county of Howell, without first apprising the said L. B. Vernon of the property exempt under sections 2342, 2343, and 2346, of the Revised Statutes of Missouri, and of his right to the same as exempt from said attachment, and that, by reason of said wrongful and unlawful attachment of the said mule, the said L. B. Vernon was deprived of the use and possession of the said mule from the 8th day of May, 1882, until the 26th day of April, 1883, a period of 351 days. That the use and possession of the said mule during the said time was worth the sum of fifty cents per day, amounting, in the aggregate, to the sum of one hundred and seventy-five dollars and fifty cents; that the said mule was injured in value, by neglect and ill-treatment, during the said

time, in value in the sum of fifty dollars; that the plaintiff incurred loss of actual time and actual expenses in obtaining possession of the said mule, damages in the sum of twenty-five dollars, and that by reason of the foregoing breaches of the said bond the plaintiff has been damaged in the sum of two hundred and forty-seven dollars and fifty cents; wherefore, the plaintiff prays judgment against the defendants for the sum of $247.50, and costs, and other relief."

The defendant demurred to this petition on the ground that it stated no cause of action. This demurrer was overruled, and the defendant, refusing to plead any further, the court, without entering formal judgment on the demurrer, at once proceeded to hear evidence as to the damages, and entered judgment for the plaintiff, not for the penalty of the bond, but for two hundred and forty-seven dollars, which is, substantially, the amount claimed in the plaintiff's petition.

The plaintiff died during the pendency of this appeal, and his administrator has been substituted.

The defendant appealing assigns for error that the demurrer was improperly overruled, and that all subsequent proceedings were erroneous. The attention of the trial court was called to this error by motion in arrest of judgment.

The fact that the judgment was erroneously entered for the damages claimed, instead of the penalty of the bond, will not, of itself, justify a reversal. The record sufficiently shows that the judgment was based upon evidence adduced, and if formally incorrect, its form could be altered here so as to conform to the law. *The State ex rel. v. Sandusky,* 46 Mo. 380.

The judgment, however, must be reversed, because the plaintiff's petition fails to state a cause of action, and because the court erred in overruling the defendant's demurrer and motion in arrest of judgment.

The test, whether a petition states a cause of action, is whether all the facts therein stated, if true,

will warrant a recovery. *Garner v. McCullough*, 48 Mo. 318. And it is well settled that a plaintiff must allege all such facts as he is required to prove. *Pierre v. Heinrichoffen*, 52 Mo. 333 ; *Scott v. Robards*, 67 Mo. 289. The averment of such facts is an essential requisite which the defendant does not waive, either by failing to demur, or by pleading over, or by going to trial. The distinction between the insufficient statement of essential matter, and its total omission, is well defined ; it is the former only, and not the latter, which can be aided by verdict. *Frazer v. Roberts*, 32 Mo. 457 ; *Jones v. Tuller*, 38 Mo. 363 ; *Clinton v. Williams*, 53 Mo. 141 ; *Staley House Furnishing Co. v. Wallace*, 21 Mo. App. 130.

Now, in this case, it was essential for the plaintiff to prove that he was the head of a family (*Brown v. Hoffmeister*, 71 Mo. 413), and such proof being essential, the omission of a corresponding averment rendered the petition fatally defective.

The plaintiff contends that the averment may be supplied by reasonable intendment, as within the allegation that the constable "failed to notify the plaintiff of his right to exemptions under sections 2343 and 2346, of the Revised Statutes," as these sections refer only to the head of a family. By parity of reasoning, we might hold that the other averment of the petition, namely, that the constable "failed to advise the plaintiff of his right to exemption under section 2342," which refers to one not the head of a family, is tantamount to an allegation that the plaintiff was not the head of a family, and thus conclude that the petition states, by reasonable intendment, that the plaintiff was, and also that he was not, the head of a family. The vice of such reasoning is apparent.

As the case must be remanded for new trial, it is proper to add the following suggestions for the guidance of the trial court. The plaintiff claimed damages to the extent of $247.50, detailing the items as above

set forth. The court rendered judgment for two hundred and forty-seven dollars, presumably on proof made of the items of damages as set out in the petition. The supreme court has held that, in an action for trespass for selling property of the plaintiff, under execution against another, the measure of damages, in the absence of aggravating circumstances, is the value of the property at the time of the trespass, with interest to the trial. *Walker v. Borland*, 21 Mo. 291. The damages in such cases are the same as in trover, in which profits, or the value of the use of the property, are never allowed.

This would lead to the conclusion that, by analogy, the damages, in a case like the present, provided the proof warrants compensatory damages only, are limited to the value of the property at the time when taken, with interest on such value to the date of its return, less the value of the property when returned.

The judgment is reversed and the cause remanded. All the judges concur.