CATHERINE F. BROWN ET AL., Defendants in Error, v. A. V. SHOCK ET AL., Plaintiffs in Error.

Kansas City Court of Appeals, October 24, 1887.

1. ACTION—DEBT NOT DUE—EXCEPTIONS.—An action cannot be maintained on a debt not due at the commencement of the action, unless under statutory exceptions, as in the case of suits by attachment.

2. PLEADING — PRACTICE—CAUSE OF ACTION—CASE ADJUDGED.—The plaintiff must state, in his petition, a cause of action anterior to the commencement of the suit. The petition, in this case, not only failed to state a cause of action (the averments showing that the note declared on was not due at the commencement of the suit), but, by express averments, it stated facts showing that the plaintiff had no cause of action at the commencement of the suit.

3. ―――― OBJECTION NOT WAIVED, NOR CURED BY VERDICT OR JUDGMENT.—The objection that the petition fails to state facts sufficient to constitute a cause of action is never waived. Such defect in the petition is not cured by the verdict or judgment.

ERROR to Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Reversed, and petition dismissed.*

Statement of case by the court.

This action was founded upon a promissory note. The material averments of the petition are as follows:

"That defendants herein, by their promissory note, herewith filed, dated November 15, 1885, promised, for value received, to pay plaintiff, Catherine F. Brown, the sum of four hundred and fifty dollars, on the first of March, 1886, with interest thereon, from maturity, at the rate of ten per cent. per annum, and if the interest be not paid annually, to become as principal, and bear the same rate of interest. Plaintiff says that said note, with interest from March 1, 1886, are due and unpaid, for which, and all costs, plaintiff asks judgment."

The petition was filed in the office of the clerk of the circuit court, on the first day of March, 1886. The writ of summons was issued by the clerk on the following day, and was served on one of the defendants on the last-named day.

Judgment, by default, was rendered against the defendants, and the case has been brought here on a writ of error.

Geo. Robertson, for the plaintiffs in error.

I.  Two original writs were issued for the defendant, A. V. Shock; one to Audrain county, and returned *non est;* then, afterward, another to Boone county. But one original writ can be issued; and, after such writ is returned, a new one can issue only by order of the court. Rev. Stat., sects. 3488, 3493, 3502. The proper and only practice would have been for the court to order an *alias* summons for defendant, A. V. Shock.

II.  The note sued upon was executed on November 15, 1885, which was Sunday, and was, therefore, void. *Fritch v. Heislen,* 40 Mo. 555; *Gwinn v. Simes,* 61 Mo. 335; *Rosenblatt v. Townsley,* 73 Mo. 536.

III.  The judgment is against only one defendant, and in favor of only one plaintiff, but does not state against which defendant, and seems to be in favor of the husband, plaintiff. "A judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the special thing, or amount of money, recovered." Freeman on Judgments [3 Ed.] sects. 50, 50*a; Spence v. Simmons,* 16 Ala. 828.

IV.  The judgment recites that, "the plaintiff appears by his attorney"; "the court gives judgment, by default, in favor of plaintiff," etc., thereby rendering judgment in favor of the husband, when no cause of action exists in his favor, and he is an improper party to the suit. Laws of Missouri, 1883, p. 113.

V.  The note was due March 1, 1886, and the defendants had until the second day of March to pay, and

there could be no default in payment until the second; and suit was commenced March 1. Adding the three days of grace to which the note was entitled, suit was commenced four days before it was due, and before any cause of action had accrued. The filing of the petition is the commencement of a suit. Rev. Stat., sect. 3485; *Dougherty v. Downey*, 1 Mo. 675; *Lewin v. Dille*, 17 Mo. 64; *Hite v. Hunton*, 20 Mo. 286; *Gosline v. Thompson*, 61 Mo. 471.

VI.   The note was entitled to three days of grace. *Turk v. Stahl*, 53 Mo. 437; *McCoy v. Farmer*, 65 Mo. 244.

VII.   "When a suit is brought on a cause of action, before the same is past due, the proceeding is not only wrong, but the defendant aggrieved thereby may avail himself of the objection by prosecuting his writ of error, even after judgment by default." *Mason v. Barnard*, 36 Mo. 384.

VIII.   The debt was due March 1, 1886. When demand was made on that day and payment was refused by defendants, then, on that day, suit was properly instituted.   2 Daniels on Negotiable Instruments, sects. 1207, 1208, 1209, 1210, 1211.

IX.   As a matter of fact, demand of payment was made of defendants, and refused before this suit was instituted, but this action, being before this court on a writ of error, the facts are not before the court.

FRY & MOSBY, for the defendants in error.

I.   The summons for defendant, A. V. Shock, to Boone county, was in conformity to section 3498, Revised Statutes.

II.   If the note sued on was executed on Sunday, it was not void. *Glover v. Cheatham et al.*, 19 Mo. App. 656.

III.   The judgment concludes, "it is, therefore, con-

sidered, ordered, and adjudged, that the plaintiffs have and recover of and from the defendants," etc.   The imputed error, or variance, is a mere clerical error.   *Holmes v. Braidwood*, 82 Mo. 618; Rev. Stat., sects. 3569, 3582.

IV.   Rev. Stat., sects. 3569, 3582.

V.   We insist that if the suit was prematurely brought, the defendants having been personally served with summons and a copy of the petition, and having failed to demur or answer, they, by their silence, have waived any objection as to the right of plaintiffs to sue. The objection can be raised only by demurrer or answer. Rev. Stat., sects. 3519, 3521; *Bilkin v. Rhodes*, 76 Mo. 651; *Walker v. Deaver*, 79 Mo. 672; *Graham v. Allison*, 24 Mo. App. 524.   Where the defendant was sued on a note, in a justice's court, before it was due, and appealed to the circuit court, judgment was rendered on the note, then due, although not due when the suit was instituted. *Musgrove v. Mott*, 90 Mo. 111.

VI.   The defect complained of, if any, is cured by the statute of *jeofails*.   Rev. Stat., sect. 3582.

VII.   Defendants have no substantial defence, or answer would have been filed.   No substantial rights of defendants have been affected, and the judgment should not be disturbed.   Rev. Stat., sect. 3569.

HALL, J.—The note declared on, being payable on a day certain, was entitled to three days of grace.   *Turk v. Stahl*, 53 Mo. 437; *McCoy v. Farmer*, 65 Mo. 244. Under our statute the filing of the petition was the commencement of the action.   Rev. Stat., sect. 3485; *Gosline v. Thompson et al.*, 61 Mo. 471; *Dougherty v. Downey*, 1 Mo. 675.   This suit was begun, then, on March 1, 1886.   Under any possible view of the law, the suit must be deemed to have been begun on March 2, 1886, on which day the writ of summons was issued, and service was had on one of the defendants.   The note was, therefore, not due at the commencement of the action. The action was prematurely brought.

An action cannot be maintained on a debt not due at the commencement of the action. *Mason v. Barnard et al.*, 36 Mo. 391; *Cheatham v. Lewis*, 3 Johns. 43; *Turk v. Stahl*, 53 Mo. 438. The case of *Musgrove v. Mott* (90 Mo. 111), cited by the plaintiffs in error, rests upon the statute concerning attachments, which allows suits, by attachment, in certain cases, upon demands not yet due.

The plaintiff must state in his petition a cause of action, anterior to the commencement of his suit. The petition, in this case, alleged facts which showed that the note declared on was, in law, not due at the commencement of the suit. Not only did the petition fail to state a cause of action, but it, by express averments, stated facts showing that the plaintiff had no cause of action at the commencement of the suit. There was, to be sure, an averment in the petition, that the note was due and unpaid. But the averment that the note was due, taken in connection with all the other allegations of the petition, must be considered as the statement of a conclusion of law, rather than of a fact. The facts alleged showed that the note was not due, and that the conclusion of law stated was erroneous.

The objection, that the petition fails to state facts sufficient to constitute a cause of action, is never waived. Such defect in the petition is not cured by the verdict or judgment. *Staley Furnishing Co. v. Wallace*, 21 Mo. App. 131; *State ex rel. v. Griffith*, 63 Mo. 548; *State to use v. Bacon*, 24 Mo. App. 403.

As the petition shows affirmatively that the plaintiff had no cause of action, at the commencement of the suit, there is no reason for remanding the cause. The judgment of the circuit court is, therefore, reversed and the petition dismissed. Ellison, J., concurs; Philips, P. J., concurs in the result.