THE STATE to use of JOHN GLENDON, Respondent, v. HENRY F. HARRINGTON *et al.*, Appellants.

St. Louis Court of Appeals, January 22, 1889.

1. **Execution:** EXEMPTION RIGHTS. The fact that the property claimed as exempt, by a defendant in execution, is not susceptible of division, furnishes no defense to a sheriff who is sued on his bond, for failure to have the property appraised, as directed by the statute.

2. **Execution:** EXEMPTION RIGHTS. The defendant's exemption right in property, under section 2346, Revised Statutes, does not amount to an estate in the property, whether real, personal, or mixed, analogous to that in the case of a homestead right, so that no title would pass to an execution purchaser, but is assimilated to a chattel interest which the defendant may abandon, if unlawfully sold by the sheriff ; and he may then sue the officer on his bond for the conversion thereof.

3. **Instructions:** MEASURE OF DAMAGES. In an action on a sheriff's bond for violation of the plaintiff's exemption rights as a defendant in execution, under section 2346, Revised Statutes, it is error to so instruct the jury that they may find for the plaintiff in a sum larger than three hundred dollars, with interest from the commencement of the suit.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED (*nisi*).

*E. T. Farish*, for the appellants.

Suppose it be conceded that under section 2347, Revised Statutes, 1879, it was the duty of the sheriff to notify the relator of his right of exemption and selection, yet if the relator, after a levy upon his interest in real estate, claimed his exemption therein, it can no longer be contended that such defendant is damaged by reason of the failure of the officer to so notify him, but his claim to damages must be restricted to the invasion of his right of exemption and his deprivation of the property so exempt. Though the law (sec. 2347, *supra*) contemplates an appraisement and the setting apart to the debtor property exempt to him under said law, yet the law never requires a useless and vain thing to be done. The exemption law has reference to a case where such "setting apart" is practicable and feasible. But in the case at bar, it being conceded that the interest in the property claimed as exempt by the relator was worth greatly more than three hundred dollars, and that the exemption in such interest was manifestly not susceptible of segregation from the balance of the relator's interest in said real estate, which was liable to sale under execution, it follows that the only practicable mode of adjusting the rights of the parties was to sell the whole interest levied upon and pay the defendant

his exemption out of the proceeds. If the plaintiff was entitled to recover at all, as this was an action to recover damages for a wrongful conversion of property of the relator, then clearly such damages are restricted to the extent of three hundred dollars. Anything over and in excess of that is vendible under execution. And clearly in respect to that the officer is no trespasser, but is justified under his writ in seizing and selling the same. But if all this should be held otherwise, as it appeared that the attorneys of the plaintiff in the execution under which the sale was had were the purchasers at the sale and knew of the claim of exemption as made by the relator, then the sale of said interest in said property was null and void, and passes no title which said relator could not avoid, and consequently he is not damaged as claimed. *Lallement v. Poupeney*, 15 Mo. App. 577 ; *Crisp v. Crisp*, 86 Mo. 630. There is no averment in the petition that even squints at the idea of exemplary damages. A recovery for smart-money or punitive damages was not in the mind of the pleader when he drafted the petition. Nor was such idea advanced at the trial, nor was any evidence tending to show a state of case that would warrant a recovery for punitive damages sought to be introduced. But on the contrary, the trial proceeded upon the idea that the plaintiff, having been deprived of his life estate in the real estate in question, and being the head of a family and having claimed the said interest as exempt, was entitled to recover therefor, and accordingly the instructions were so drawn and a recovery had in pursuance thereof.

*John Johnston* and *William B. Thompson*, for the respondent.

There is no error in the record. The undisputed facts in the case showed that Glendon was a tenant by the curtesy in the real estate levied upon by the sheriff,

and the sheriff, without following the statutes in such cases made and provided, proceeded to sell the property levied upon contrary to law and without any evidence of justification and with notice of Glendon's right, and, with full warning of the wrong being done to him, committed a trespass of the most aggravated character, by reason of which wrong and injury Glendon lost his property, for which he would be entitled to damages in a greater sum than was sued for in this case, the verdict and judgment being less than the loss conceded by the appellants. *Milburn v. Beech*, 14 Mo. 106; *Walker v. Borland*, 21 Mo. 289; *Funk v. Dillon*, 21 Mo. 295; *Carrol v. Green*, 7 Mo. App. 596. The appellants' brief concedes the trespass committed by the sheriff, but attempts to justify it by claiming that the failure of the sheriff to comply with the law would have been a useless and vain thing. The existence of the law is a protection to the poor and unfortunate, and requires an officer intrusted with its execution to give a better reason for violating its humane provisions. The cases of *Walker v. Borland*, 21 Mo. 289, and *Carroll v. Green*, 7 Mo. App. 596, furnish sufficient authority for the measure of damages in this case. The title conveyed by the sheriff's sale of the estate by the curtesy passed to the purchasers in this case, the same as any other estate, subject to execution. The case cited of *Lallement v. Poupeney*, 15 Mo. App. 577, refers to a sale made of a homestead by the sheriff without having the homestead set apart and which is in no sense a parallel case. The case of *Crisp v. Crisp*, is of the same character. The entire interest of Glendon by reason of the tort complained of was lost and no less an amount than the value of the interest lost would be a full compensation in damages. This rule of damages is established by the supreme court in the case of taking property under an unlawful search warrant. *Melcher v. Scruggs*, 72 Mo. 406.

THOMPSON, J., delivered the opinion of the court.

This action is brought against the sheriff of the city of St. Louis, and the sureties on his official bond, to recover damages for the conversion of the plaintiff's interest in certain real estate exempt under the provisions of section 2346, Revised Statutes. This statute is as follows: "Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section two thousand three hundred and forty-three may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars." The next section contains the following provisions: "It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections two thousand three hundred and forty-two, two thousand three hundred and forty-three and two thousand three hundred and forty-six, and his right to hold the same as exempt from attachment and execution; and such officer shall summon from the neighborhood three disinterested householders, who, after being sworn honestly and impartially to appraise the property exhibited to them, shall proceed to appraise and set apart to said defendant the property exempt to him under this chapter." The property on which the sheriff levied the execution consisted of a life estate, as tenant by the curtesy, in a lot in the city of St. Louis, on which there was a two-story building and shed, and which was, at the time of the levy, rented to a coal dealer at the rate of twenty dollars a month. The plaintiff was, at the time of the levy, about sixty-eight years of age, and his expectation of life, according to the Northampton life-tables, put in evidence without objection, between seven and eight years, which would make the value

of his interest in the land near twelve hundred dollars, with the taxes and expenses deducted in making the estimate. He was, at the time of the levy, remarried, and was living with his family on other premises. The sheriff did not notify the plaintiff of his right of exemption, as required by section 2347, Revised Statutes, but, after the levy and some twenty days before the sale, the plaintiff filed with the sheriff a notice in writing, claiming all his right, title and interest in the property levied upon, as exempt from execution under the provisions of section 2346, Revised Statutes, and also claiming the said property, and all rents, profits and issues thereof, as a housekeeper and head of a family under the statute of this state relating to homesteads. The claim of homestead may be laid out of view; because it is admitted that the plaintiff was not occupying the property as his homestead, and there was no question of homestead in the case in the trial court. The sheriff did not appoint appraisers, as required by the statute, nor did he take any measures to set apart the plaintiff's exemption, but proceeded to sell the property in disregard thereof. The plaintiff, by his attorney, appeared at the sale, and notified the bidders that, by reason of the fact that the sheriff had not notified the plaintiff (execution defendant) of his right of exemption, as required by the statute, the sale would be void. This seems to have deterred the bystanders (of whom there were several) from bidding, so that there was but one bid, and that was made by the plaintiff's attorneys at forty dollars, which was about enough to cover the costs. On this bid the property was struck off to them. Subsequently, the sheriff made a deed to them, and thereafter under this deed, they ousted the plaintiff's tenant in a proceeding of unlawful detainer. As an excuse for failing to appoint appraisers, as required by the statute, the defendants gave evidence tending to show that the

property from its nature was not susceptible of being divided so as to set apart the plaintiff's exemption in kind. But the court instructed the jury that the fact that the property would not be susceptible of division constituted no defense to the sheriff in making the sale as shown by the evidence. This instruction was right. The question is governed, we think, by the case of *State to use v. Kurtzeborn*, 2 Mo. App. 335, which goes to show that the statute is to be strictly followed, that the debtor is entitled to an appraisement, and that the officer has no discretion to refuse it. If the appraisers had reported that the property was not susceptible of division so as to set apart the debtor's exemption, then the sheriff might have proceeded to sell the property for the purpose of satisfying the execution after first raising money enough to satisfy the debtor's exemption, and if the bidding had not reached more than the sum of three hundred dollars there would have been no sale. It may equally be said that the fact that he proceeded wrongfully, without an appraisement, gave him no better right to strike off the property for less than three hundred dollars, and then to apply the money, not to the payment of the debtor's exemption, but to the payment of the costs of the suit and execution. The facts fully warrant us in applying the language which was applied by Judge BAKEWELL to the conduct of the levying officer in the case of *State to use v. Kurtzeborn, supra :* "He is constituted, by the law, the guardian of the rights of the execution debtor in this matter; and he seems to have utterly disregarded his duties and committed a flagrant violation of the plain rights of the debtor and his family. Such conduct cannot be too severely reprobated." Under the principles of that and subsequent cases (*State to use v. Finn,* 8 Mo. App. 261; *State to use v. Carroll,* 9 Mo. App. 275 ), the sheriff is clearly liable on his bond for the damage which the plaintiff has actually sustained, unless other principles

applicable to the peculiar facts of this case discharge him from liability.

The peculiarity of this case is that the debtor did not select his three hundred dollars exemption, given by section 2346, Revised Statutes, out of any specific personal property, but out of his interest in the real property which had been the subject of the levy. This he might properly do ; for the statute allowed him to make his selection out of "any other property, real, personal or mixed." But it is argued that, as the subject of the levy and claim of exemption was *real property*, the rights of the debtor were assimilated to those of the proprietor of an estate of *homestead*, which has been sold on execution, in which case the purchaser gets no title. On this question the analogy between the debtor's chattel exemption and the estate of homestead entirely fails. "The right of exemption under sections 2343 and 2346 is a different thing from the homestead exemption," as was well said by BLACK, J., in a recent case. *Paddock v. Lance*, 94 Mo. 285. The statute relating to homesteads created a species of estate in the land, subsisting in the debtor under certain conditions during his life and surviving to his wife and children so long as they hold together as a family. But in this chattel exemption there is nothing in the nature of an *estate* either in real or personal property. It depends entirely on the act of the debtor in *selecting* it as exempt from sale under the particular writ. His selection once made does not even characterize it as exempt, except in respect of successive levies *under the same judgment*. *State to use v. Carroll*, 24 Mo. App. 360. If new executions come under other judgments, in favor of the same or other creditors, the former selection does not avail him nor prevent the same property from being again levied upon ; but if it is levied upon, he must, if he desires to assert his exemption in this property, make a new selection, or he may abandon this property to sale,

and elect, if it shall become necessary, to take his exemption out of other property. The interest, then, which the debtor has in the real property out of which he claims his three hundred dollars exemption under the provisions of section 2346, Revised Statutes, if it can be called an *interest* at all—if it is anything beyond a mere negative immunity from disturbance under the particular writ,— is in the nature of a *chattel interest*. It is not necessary to say that it is gone when it is sold under execution without an appraisement in violation of his rights, as in this case. If it were a specific chattel he could probably maintain replevin for it against the purchaser, especially where, as in this case, the purchaser is privy to the whole proceeding under which it is sold. Freem. Ex. [2 Ed.] sec. 215*a*. Clearly, in such a case he can maintain an action in the nature of trover (*Ibid*), and as already seen, our law allows an action on the sheriff's official bond, which is the present action. From the fact that the interest sought to be vindicated is in the nature of a *chattel interest*, the analogous principles of law which should govern this action would seem to be those which govern the action of trover. It is a familiar principle in the action of trover that if a man's property is seized and converted by a wrongdoer, the real owner may *abandon it to him* and sue for its value. He is not obliged, as a condition precedent to maintain this action, to endeavor to regain the property in replevin, or to exhaust any other remedy. We think this principle applies to the present case. The plaintiff might have had the sale set aside on application to the court in virtue of the control which every court has over its own process to prevent its abuse. He may still, perhaps, recover the land in ejectment,—a question upon which we do not express any opinion. But we think that he is entitled to abandon these remedies,—abandon his exemption to the purchaser, and sue the sheriff on his bond for the conversion of it. Such is the nature of the

present action, and we therefore think that it does not lie in the mouth of the sheriff and his sureties to say that, because the sheriff failed to do his duty under the law, this sale is void, and this plaintiff is not legally injured therefrom, although it has resulted in dispossessing him of his land.

This brings us to a more serious question raised by the record. The jury after going out came back into court and inquired if they could give damages in a greater sum than one thousand dollars, which was the sum claimed in the petition. In reply to this the court instructed them in writing that they could not go beyond that sum and added, "If you find for the plaintiff, the amount of damages should be the value of John Glendon's interest in the property sold at the date of the sale, and interest thereon at the rate of six per cent. per annum from that date to this, but not to exceed the amount above mentioned." Under this instruction the jury returned a verdict for one thousand dollars. We think that this instruction was clearly erroneous. The plaintiff was suing for the conversion of exemption right under section 2346, Revised Statutes. The statute fixed the value of this interest at three hundred dollars. He could not therefore, on any theory, recover more than this sum with interest from the commencement of the action. This extraordinary verdict is now sought to be sustained on the theory of exemplary damages. Laying out of view the question whether exemplary damages can be recovered in any case in an action on a sheriff's bond, it is sufficient to say that the petition in this case was not framed on such a theory, nor was any instruction requested or given authorizing the jury to give such damages. Appellate courts cannot award exemplary damages; and we cannot sustain an excessive verdict, founded on an erroneous instruction as to the measure of damages, on the conjecture that the jury might have been warranted in giving exemplary damages. We

wish to lay out of view the idea that we base our conclusion on any conception of wrong done by the sheriff in *failing to notify* the plaintiff of his exemption. That wrong became harmless to the plaintiff ánd lost its actionable quality by reason of the fact that the plaintiff himself claimed his exemption. *Brown v. Hoffmeister*, 71 Mo. 411.

The objection that a prior action for the same cause was pending need not be further considered than to say that the record does not show that such was the fact.

As there is no substantial conflict in the evidence so far as it is material to the rights of the parties, no good purpose could be subserved by remanding this cause for another trial. Upon the established facts the plaintiff is entitled to a judgment for three hundred dollars with interest from the commencement of the action. If he will, within ten days from the filing of this opinion, remit so much of his judgment as is in excess of this amount it will be affirmed as to the remainder, otherwise it will be reversed and the cause remanded. It is so ordered. Judge ROMBAUER concurs. Judge BIGGS, not having been a member of the court when the case was argued, takes no part in the decision.