THE CITY OF ST. LOUIS, TO THE USE OF JAMES CREAMER, Respondent, v. MARY J. BERNOUDY and A. J. P. GARESCHE, Appellants.

1. *City of St. Louis — Charter — Sewers — Special Taxes — Lien — Evidence.*— Under the provisions of section 16 of art. VIII of the act to revise the city charter of the city of St. Louis (Sess. Acts 1865-6, p. 298), certified tax bills for assessments against real estate for cost of district sewers are *prima facie* evidence of the validity of the charge against the property therein described, and of the liability of the persons therein named as the owners of said property. The charge is made a specific lien upon the property.

2. *City of St. Louis — Charter — Sewers — Assessments — Legal and equitable owner.*— Where a special tax bill was issued upon an assessment for work which was a lien upon the property: *held*, that it was properly made out in the name of the equitable and beneficial owner of the property, and the name of the trustee who owns the legal title need not be inserted in the bill.

*Appeal from St. Louis Circuit Court.*

*Garesche & Mead*, for appellants.

I. The tax bill offered in evidence was no evidence against the land or defendant Garesche, he holding the legal title of the land, and his name not appearing on the said bill. The law (Sess. Acts 1865–6, p. 298) makes the bill evidence against the person therein named. Therefore, as there was no evidence in the case against the land except the bill, which was not made out against the person in whom the legal title was, the judgment of the court below should be reversed.

II. The record shows that the general term affirmed the judgment of the special term, though in the finding of the court the

general term modifies the judgment of the special term. Under Gen. Stat. 1865, p. 549, § 41, the court should have affirmed or reversed the judgment, or given such judgment as the court below should have rendered. As the judgment now stands, there is a general judgment against Mrs. Bernoudy, a married woman.

*Thos. Grace*, for respondent.

I. The tax bill was properly issued by the engineer against the land in the name of Mrs. Bernoudy. She was an owner of the land within the meaning and direction of the law. In the act under which this suit is instituted (Sess. Acts 1865–6, p. 298), the engineer is directed to assess the cost of this class of work against the property — not against the owner. The law directs the engineer to make out a tax bill against each lot of ground in the name of the owner thereof. The important thing is to get the quantity of land owned by each person, and the number of square feet in each lot — because it is by lots, and by the area of each lot, that the assessment is made. The name of the owner is directory in the law, and not peremptory. A mistake in the name of the person, or a misapprehension, on the part of the engineer, of the real owner, or, in case the fee is carved up into two or three different estates, the issuing of the bill in the name of one owner only, will not vitiate the assessment. (Anderson v. Holland, 40 Mo. 600 ; Wheeler v. Anthony, 10 Wend. 144 ; Noble v. Indianapolis, 16 Ind. 506 ; State v. Jersey City, 4 Zabr. 108 ; 20 Pick. 418 ; Blackw. on Tax Tit. 144–5.)

II. Mrs. Bernoudy was the equitable and beneficial owner of the land ; she was in possession, using the dwelling-house thereon for a family residence ; she was liable for the taxes. Garesche had no beneficial interest in the land ; even the dry legal title was subject to be divested out of him at the pleasure of Mrs. Bernoudy, and without his consent.

III. The wording and intention of the law is that the assessment shall be against the land itself ; and the direction in the law that the tax bills of this class shall be made out against each lot of ground in the name of the owner is a provision intended in the law to be for the benefit of the contractor, and not for the

benefit of the owner ; it is to apprise the contractor whom to call upon for his money.

IV. The Circuit Court in general term had power to modify the judgment of the Circuit Court in special term, or to make the judgment which was general and special in the court below a special judgment only, and so modified to affirm the same. The respondent does not complain of the action of the court ; and the appellants should not—it was for their benefit. (Gen. Stat. 1865, p. 889, § 4.)

WAGNER, Judge, delivered the opinion of the court.

This action was brought in the St. Louis Circuit Court to enforce the payment of a balance due on a special tax bill issued by the St. Louis city engineer, under a contract for constructing a district sewer. The legal title of the land sought to be charged with the payment of the tax is vested by deed in Alex. J. P. Garesche, as trustee, for the sole and separate use of Mary J. Bernoudy, who is a married woman and the equitable owner of the land. The city engineer made his assessment against the land, and made out the tax bill against the same in the name of Mrs. Bernoudy alone—the name of Garesche, the owner of the legal title, not being inserted in the bill at all. Both parties, however, were made defendants in the suit, but no judgment was asked for against Garesche. The Circuit Court, at special term, gave a personal judgment against Mrs. Bernoudy and a special judgment against the property for the payment of the assessment. On appeal to general term, this judgment was modified so as to make it a judgment only against the property or separate estate of Mrs. Bernoudy.

The point is now made that the tax bill offered in evidence was no evidence against the land or defendant Garesche, he holding the legal title and his name not appearing on the bill. The law (Sess. Acts 1865–6, p. 298) declares that " every such certified bill shall, in any action brought to recover the amount thereof, be *prima facie* evidence of the validity of the charge against the property therein described, and of the liability of the person therein named as the owner of the said property."

The work is a charge upon the property from the date of the assessment, and the owner's name is inserted in order that he may examine the correctness of the bill, and pay if he is satisfied with its justice, or defend his rights in case it is inaccurate or illegal, or the matter becomes involved in litigation. Although Garesche was the owner of the dry legal title estate, he had no beneficial interest therein, and no personal judgment could go against him in consequence of any lawful charge against him. I do not think that he is the owner contemplated in the clause of the law referred to. Mrs. Bernoudy possessed the entire equitable and beneficial estate. She had the absolute control of it, with power to divest the title from Garesche at pleasure. She was in truth the real owner; and while it was entirely proper to make Garesche a party to the suit, to afford him an opportunity of defending the title if any question arose in regard to it, the bill was well enough made out in the name of Mrs. Bernoudy. As the charge of tax is made a specific lien against the property, the provision that the bill shall be in the name of the owner seems to be more for the purpose of enabling the contractor to know whom to call on for his pay than anything else.

It is objected also that the judgment of the general term, modifying the judgment at special term, was erroneous. The judgment at special term was a personal judgment against Mrs. Bernoudy, and also special against the property; the general term modified this, so as to make it a judgment against the property only. This was right; the court had no power to render a personal judgment against a married woman, but it had full authority to give the judgment against her separate .estate, where the law expressly imposed a lien on it.

The point raised by counsel, that the general term had no right to modify the judgment, but that they should have either affirmed or reversed the cause, or given such judgment as the court at special term ought to have given, is too technical to require notice. The modification was, in effect, giving the judgment that the court below should have given, and the substance of the law was complied with.

There is no error in this record which would justify a reversal. Judgment affirmed. The other judges concur.