WILLIAM H. BARNETT'S EXECUTRIX, Respondent, v. BOARD OF PRESIDENT AND DIRECTORS OF THE ST. LOUIS PUBLIC SCHOOLS *et al.*, Appellants.

St. Louis Court of Appeals, March 26, 1895.

**Municipal Corporations:** SUBDIVISION OF LAND INTO LOTS: SPECIAL TAXES. A subdivision of a lot in a city into smaller lots, made by the lessee of the land and not shown to have been sanctioned or recognized by the owner, is not binding on the city. Accordingly, special taxes

are properly assessed by the city against the land as one lot, although the smaller lots have been separately improved by sublessees, and although the lessee has covenanted to pay the taxes on the land, and the municipal authorities have, at his request, made out prior tax bills against the land in accordance with his subdivision of it.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*John F. Green* for appellants.

*T. J. Rowe* for respondent.

ROMBAUER, P. J.—The city of St. Louis issued a special tax bill for alley paving against a tract of land having a front of one hundred and ninety and forty-four hundredths feet by a depth of one hundred and nineteen and seventy-five hundredths. The defendant corporation is the owner and lessor of the tract, and the defendant Neuhoff its lessee. It stands conceded that the special tax was properly assessed in all respects but one. The defendant contended at the trial, and now contends, that the tract assessed contained eight lots, and that a separate assessment should have been made against each lot, while the contention of the plaintiff was and is that the tract contains only one lot for assessment purposes, and that it was properly assessed as one lot. The court took the latter view of the matter, and by its judgment upheld the assessment. From this judgment the defendants appeal, and they assign for error that the judgment of the court is erroneous on the admitted facts.

The facts, briefly stated, are as follows. The defendant corporation leased the tract of land in 1872 to one Doll for a term of ten years, with the privilege of four

successive renewals of ten years each. This lease contained a covenant on part of the lessee to pay all general and special taxes. In 1873 Doll subdivided the tract into eight parcels, and leased these parcels to various sublessees by written leases containing the same covenants of renewal and as to payment of taxes, which were contained in the lease from the defendant corporation. One of these subleases was recorded in 1874 in the office of the recorder of deeds for the city of St. Louis, the others remained unrecorded. The representatives of Doll obtained a renewal of the lease in 1892, in which the tract of land was again described as one lot. They assigned the lease to the defendant Neuhoff, who again sublet the various parcels according to the subdivision made by his assignors. The sublessees improved the property according to their respective holdings in severalty. In 1882 one Pasquier was appointed assessor of special taxes by the president of the board of public improvements. In 1883 the defendant Neuhoff notified Pasquier of the subdivision hereinabove mentioned, and requested him to assess each lot of the subdivision separately whenever any special tax bills were issued against the property. In September, 1883, the city of St. Louis assessed the tract for the construction of a sewer, and, in doing so, issued to the contractor *four* special tax bills therefor. Since 1886 the city assessed *each* subdivision separately in its assessment for general taxes. It does not appear that the defendant corporation, who is the owner of the property, and as such the only person authorized by law to file a plat and make a valid subdivision thereof binding on the city authorities, has ever recognized the subdivision made by its lessees in any shape, form or manner, nor that it has ever given its sanction to the subdivision made. This was essential. Revised Statutes, 1865, chapter 44, section 1; Revised Statutes, 1889, sections 7309 to 7313.

The word owner, as used in section 25, article 6, of the city charter of St. Louis, means the legal or beneficial record owner of the fee. *Vance v. Corrigan*, 78 Mo. 94; *St. Louis v. Bernoudy*, 43 Mo. 552. The contention of the defendant corporation that tax bills should have been made out against each lot of a subdivision which had no public legal existence, which was not matter of record anywhere, and which it never had recognized, is an absurdity upon its face. The contention of the defendant Neuhoff is no better. If the law were as contended for by him, the city authorities, in order to make out a tax bill valid against him, would have to make out one which was invalid as against the general owner, because as against the general owner there never was any valid subdivision of this lot. The fact, that the city had made out tax bills for general taxes against the lessees either for the accommodation of the defendant Neuhoff, or for the accommodation of his sublessees, is wholly irrelevant. It is likewise wholly irrelevant that the defendant Neuhoff advised the assessor of special taxes (of whose functional duties or powers we are not advised by anything in the record), of how he desired to have these taxes tax bills made out. The question at bar is not whether former tax bills were made out legally or illegally, but whether the tax bill sued on was legally assessed and issued. Since, under the conceded facts, there can be but one view as to that matter, it results that the judgment upholding the validity of the assessment must be sustained. Judgment affirmed. All concur.