M. L. COLEMAN, Respondent, v. PHOENIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT *et al.*, Appellants.

St. Louis Court of Appeals, March 9, 1897.

**Insurance, Fire**: LOSS OF PERSONAL PROPERTY: PLEADING: PROOF: AIDER BY VERDICT. In suits on policies of fire insurance for the loss of personal property, the value of the property is a constitutive fact, which must be alleged and proven; sections 5897, 5898, of the statute have no application, and the doctrine of *aider* by verdict can not be invoked to supply the lack of such averment.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Fyke, Yates & Fyke* for appellants.

There is no allegation in the petition of the value of the property. For this reason the judgment must be reversed. *Story v. Ins. Co.*, 61 Mo. App. 534.

The court erred in striking out the allegations of answer as to the pendency of garnishment proceedings against insurer. *Embree v. Hanna*, 5 Johns. (N. Y.) 101; *Grösslight v. Crisup*, 58 Mich. 531; *Crawford v. Clute*, 7 Ala. 157.

The loss having been made payable to the mortgagees, as their interest may appear, and the evidence disclosing an interest, this suit can not be maintained in the name of Coleman alone. *Burris v. Ins. Co.*, 65 Mo. App. 157.

*Henry Brumback* and *H. H. Bloss* for respondent.

Appellants pleaded no facts showing any privity between Hill and Hall, and either party to *Jones v. Little Rustler Min. Co.* Such privity must be shown (and

of course in this case pleaded). *Atwood v. Hale,* 17 Mo. App. 88, *et seq.; Provenchure v. Reifess,* 62 *Id.* 50.

"The attachment arrested the debt in the hands of the garnishee, if it were then owing to the attached debtor, and not otherwise." *Funkhauser v. How,* 24 Mo. 47; *Dickey v. Fox,* 24 *Id.* 217; *Dobbins v. Hyde,* 37 *Id.* 114.

The pendency of a suit in attachment can not be pleaded in abatement. There is no danger that the garnishee will be compelled to pay his liability more than once. The statute makes ample provisions for his protection. *Wilson v. Murphy,* 45 Mo. 409, and citations.

If the petition is defective because it does not allege the value of the property insured, as claimed by appellant, it was cured by the verdict. *Jackson v. R. R.,* 80 Mo. 150; *Cowan v. R. R., Id.* 428; *Carpenter v. R. R., Id.* 446; Bliss on Code Pl., sec. 334, p. 334.

Under the allegation in the petition of a total loss and the proof showing it, even if there was no evidence of the value of the property, the court could indulge the presumption that the goods were, at the date of their destruction, of the same value they were when insured. *Story v. Ins. Co.,* 61 Mo. App. 539; R. S. 1889, secs. 5897, 5898.

Bond, J:—This is an action for the recovery of damages to personal property alleged to have been destroyed by fire while insured by defendant for $1,000. The answer of the defendant insurance company set up a breach of the conditions of the policy. The other defendants, alleged in the petition to be claimants of the insurance money, answered by a general denial. There was a verdict for plaintiff, from which the insurance company appealed.

The first question presented is the sufficiency of the petition to state a cause of action. It was objected to in this respect on the trial, the objection overruled and exception saved. The petition nowhere states the value of the property insured, either in express terms or by necessary implication. All that is said in referring remotely to this subject, is a statement that the property was totally destroyed by fire, and "wholly lost to the plaintiff and the said mortgagees to their damage $4,000 "

*FIRE insurance: loss of personal property: pleading: proof: aider by verdict.*

Suits for losses to personal property under contracts of insurance are not governed by sections 5897 and 5898, Revised Statutes, 1889 (these sections referring only to real estate). In such actions the value of the personal property is a constitutive fact, and must be alleged and proven. *Story v. American Central Ins. Co* , 61 Mo. App. 539. This allegation was neither expressly or impliedly made in the petition, hence the court erred in admitting evidence, over defendant's objection, tending to show the value of the property destroyed. The doctrine of *aider* by verdict can not be invoked in this case. That rule is only applied to support a finding where the petition makes an imperfect statement of a cause of action. It can not supply the lack of *essential* averments.

The judgment herein will be reversed and the cause remanded. All concur.

BIGGS, J. (*concurring*).—As this case is to be retried, I think the opinion ought to dispose of all questions presented by the record and briefs.