S. S. Sappington, Respondent, v. St. Joseph Mutual Fire Insurance Company, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Insurance: PLEADING: PETITION. A petition on an insurance policy that fails to allege the value of the property destroyed is fatally defective and certain amendments are suggested.

*Appeal from the Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

Reversed and remanded.

*Fyke, Yates & Fyke* for defendant.

(1) The petition does not state facts sufficient to constitute a cause of action. It does not allege the value of the property at the time of the fire. *Story v. Ins. Co.*, 61 Mo. App. 534; *Coleman v. Ins. Co.*, St. Louis court of appeals, 69 Mo. App. 566. The petition does not allege that the money sued for, or any money, was due when the suit was brought, nor are any facts alleged from which the court could determine whether the money was due or when it became due. *Brown v. Shock*, 27 Mo. App. 351; *Shears v. Bond*, 79 Mo. 468–471; *Williams v. Knighton*, 1 Ore. 234.

*C. B. Sebastian* and *H. S. Booth* for respondent.

(1) The petition is sufficient. It states a cause of action, and that is all that is required under our code, and its allegations shall be liberally construed with a view to substantial justice. R. S. 1889, sec. 2074; *Davis v. Jacksonville Southeastern Line*, 126 Mo. 69; *Bricker v. Stone*, 47 Mo. App. 530. If the petition

was in any respect vague or uncertain it was the duty of the defendant to have corrected it by timely motion. R. S. 1889, sec. 2057. This was not done. No objection was made to the petition until after the trial had commenced, and then by objection to any evidence. Our supreme court has expressly condemned this practice. In the case of *McDermott v. Claas*, 104 Mo. 14, it is styled, " a cut-throat practice at best, and is often used oppressively." R. S. 1889, sec. 2113, items 8 and 9; *Young v. Iron Co.*, 103 Mo. 324; *Buck v. R'y*, 46 Mo. App. 555; *Bassett v. Telegraph Co.*, 48 Mo. App. 566; *Mendenhall v. Leivy*, 45 Mo. App. 20; *Lee v. Ins. Co.*, 60 Mo. 518.

ELLISON, J.—This action is based on a fire insurance policy. The judgment in the circuit court was for plaintiff.

Objection is made to the sufficiency of the petition. We must hold the objection good. The petition nowhere alleges the value of the property destroyed. It does allege that plaintiff "had an interest" in the property insured to an amount exceeding the amount of insurance. This can not be accepted as an allegation of the value of the property. The value should have been plainly alleged. *Story v. Ins. Co.*, 61 Mo. App. 534; *Green v. Ins. Co.*, 69 Mo. App. 429; *Coleman v. Ins. Co.*, 69 Mo. App. 566. See, also, generally, *Harness v. Ins. Co.*, 62 Mo. App. 245; *Scott v. Ins. Co.*, 65 Mo. App. 75; *Clevinger v. Ins. Co.*, 71 Mo. App. 73.

In amending the petition it would be well to state something more as to plaintiff's ownership of the property than a mere allegation that the property insured was " his " property. It would likewise be well for the petition to state the amount of the loss which became due the plaintiff, and not leave this to mere

inference. And so, properly, the petition should state not only the fact of insurance by the policy, but that defendant promised or agreed to pay the amount of the loss.

The judgment will be reversed and cause remanded. All concur.