WRIGHT & SON, Defendants in Error, v. BANKERS' & MERCHANTS' TOWN MUTUAL FIRE INSURANCE COMPANY, Plaintiffs in Error.

Kansas City Court of Appeals, January 24, 1898.

1. **Pleading**: PETITION: INSURANCE: VALUE. A petition on an insurance policy for the loss of goods destroyed by fire should allege the value of the goods.

2. ——: ——: ——: WHEN DUE. A petition on an insurance policy to recover for the loss of goods should show that the claim was due and payable, and a mere allegation of indebtedness is insufficient.

3. ——: ——: ——: PLACE OF LOSS. A petition on a policy of insurance covering goods in a certain store building should allege where the goods were when destroyed.

*Error to the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*Martin E. Lawson* and *Fyke, Yates & Fyke* for plaintiffs in error.

The petition does not allege that the money sued for was due when the suit was brought, nor are any facts alleged from which the court could determine whether the money was due or when it became due. This is fatal. *Brown v. Shock*, 27 Mo. App. 351; *Shears v. Bond*, 79 Mo. 468–471; *Williams v. Knighton*, 1 Ore. 234; *Sappington v. Ins. Co.*, 72 Mo. App. 74. The petition alleges that the stock of goods insured was contained in a frame store building at the time the policy was issued, but there is no averment anywhere as to the location of said goods when damaged by fire. Such a petition will not support a judgment. *Todd v. Ins. Co.*, 1 Mo. App. 472.

*C. C. Bigger* and *J. E. Watkins* for defendants in error.

The petition is in the usual form and states a good cause of action. It contains all necessary averments to support the judgment. *Summers v. Ins. Co.*, 53 Mo. App. 521. And this is especially so after verdict and judgment. R. S. 1889, sec. 2113, clauses 8

and 9; *Summers v. Ins. Co.*, 56 Mo. App. 653; *Bank v. Leyser*, 116 Mo. 51; *Bank v. Scalzo*, 127 Mo. 164.

ELLISON, J.—This is an action on a policy of fire insurance whereby a stock of goods described in the policy as being located in a certain frame building was insured. There was a judgment for plaintiffs in the circuit court.

Defendants attack the sufficiency of the petition, claiming that it fails to state a cause of action. The point is well taken. The petition nowhere alleges the value of the goods destroyed. It does state that "plaintiffs had an interest in the entire stock of merchandise so insured as aforesaid, as owners thereof, to an amount exceeding the amount of the insurance on the said stock of merchandise." One frequently has a lien, or interest, or claim for an amount greater than the value of the property in which the interest exists. There should have been an allegation of the value of the goods. *Story v. Ins. Co.*, 61 Mo. App. 534; *Green v. Ins. Co.*, 69 Mo. App. 429; *Coleman v. Ins. Co.*, *Ib.* 566; *Sappington v. Ins. Co.*, 72 Mo. App. 74.

<span style="margin">PLEADING: petition: insurance: value.</span>

2. The petition likewise fails to allege that the sum promised to be paid by defendants was due. This should have been done. It is a fundamental rule of law that, except where specially authorized, a creditor should not bring an action on his claim until it is due, and that his petition should show this fact. *Brown v. Shock*, 27 Mo. App. 351; *Shears v. Bond*, 79 Mo. 468; *Williams v. Knighton*, 1 Ore. 234. The petition in this case alleges the insurance and the destruction by fire during the period of insurance, but there is no allegation, directly or indirectly, that the claim arising by reason of the fire was due or payable. Conceding that by

<span style="margin">—:—:—: when due.</span>

alleging the insurance and the loss, the pleader alleged an indebtedness, yet indebtedness may accrue or exist without being due. *Mfg. Co. v. Burns*, 59 Mo. App. 393. It is a well known fact that many policies of insurance contain provisions declaring the claims for loss shall not be considered due or payable until a certain number of days or months after the claim accrues.

3. The further point is made against the petition in that it fails to allege that the goods were burned in in the building where they were when insured. Speaking generally, it may be said that when a stock of merchandise is insured in a certain building, that the building makes up a material part of the risk and an insurance company ought not to be held to the insurance if the goods should be removed to some other locality. It might, perhaps, be said that if the goods were removed to some other building and there destroyed by fire, it would be a matter of defense for the insurance company to interpose and that it would not be necessary for the plaintiff, in the first instance, to allege that they were burned in the building where insured. It has, however, been decided by the St. Louis court of appeals in *Todd v. Ins. Co.*, 1 Mo. App. 472, that the petition failed to state a cause of action unless it alleged the goods were located in the building where insured at the time of the fire. Since the petition must be amended in the other respects pointed out, it will be well for plaintiff to further amend by curing this latter objection also.

Accepting the return of service as made by the sheriff as true, we conclude that it is not open to any objection. Judgment will be reversed and the cause remanded. All concur.