W. J. GUSTIN, Respondent, v. CONCORDIA FIRE INSURANCE COMPANY, Appellant.

90    373

93   ¹286

90    373

a164s  172

**Kansas City Court of Appeals, January 2, 1899.***

1. **Insurance:** PLEADING: VALUE: OWNERSHIP: CURED BY VERDICT. Although a petition on an insurance policy defectively states the value and the ownership of the property, and is demurrable therefor, yet, such defect is cured by verdict. Cases examined and criticised.

2. ————: EVIDENCE: LOCATION OF PROPERTY BURNED. The evidence is reviewed and held sufficient to send to the jury the question whether the property that burned was at the time of the fire in the building in which the policy sued on located it.

3. **Appellate Practice:** CONFLICT OF DECISIONS. The decision reached being in conflict with Coleman v. Insurance Company, 69 Mo. App. 566, the case is transferred to the Supreme Court.

*NOTE.—This case reached the Reporter too late to be placed in chronological order, having been transferred to the Supreme Court. 64 S. W. Rep., 178.

Appeal from Clinton Circuit Court.—*Hon. Wm. S. Herndon,* Judge.

AFFIRMED AND TRANSFERRED.

ELLISON, J.—This is an action on a policy of fire insurance whereby the personal property of the plaintiff, situated in a certain brick building, was insured against loss by fire.

It is insisted by defendant that the petition fails to state a cause of action and is therefore fatally defective; in that it does not allege the value of the property destroyed. It is no doubt true that a petition should, in plain terms, state the value of the property destroyed. We do not understand this to be denied by counsel for plaintiff. But it is contended that there is a defective allegation of value which must now be accepted as sufficient since the petition was not demurred to, nor the court asked by motion to compel plaintiff to make it more definite. The objection taken by defendant was well taken, under the rule announced in several cases decided by us. Wright v. Ins. Co., 73 Mo. App. 365; Sappington v. Ins. Co., 72 Mo. App. 74.

In those cases the attempt to allege a value was much broader and more specific than in this case and we are satisfied they are opposed to the spirit of our practice act and should be considered as overruled. Indeed that was the practical result of the case of Boulware v. Ins. Co., 77 Mo. App. 639, in which GILL, J., discusses the question at length. When there is a defective or imperfect statement of value, as in those cases, though rendering the petition demurrable, yet a verdict will cure the defect. There are some other cases in which the St. Louis Court of Appeals thought there was no allegation of value defective or otherwise. Coleman v. Ins. Co., 69 Mo. App. 566; Green v. Ins. Co., Ib. 429. But those cases seem to be in conflict with Jones v. Ins. Co., 55 Mo. 342. There the mere

fact that the petition contains an allegation that the property was insured for a certain sum, was held to be such an allegation of value as to be good after verdict. We must suppose that in those cases, the petition alleged the amount of the insurance, a statement deemed as sufficient allegation of value in the Jones case.

The allegation in the petition in this case is that the defendant insured the property "in the total sum of four hundred dollars, against all direct loss or damage by fire." The language of the Supreme Court in the Jones case finds full application to this allegation, and, hence, we must hold it to be sufficient after verdict. As before stated, there is a marked difference between the allegations of value in the Wright and Sappington cases, supra, and the allegation in this case. In those cases there was at least an express attempt to allege a value, while in this case there seems to have been no other thought in the pleader's mind than to allege the amount of insurance he obtained. And we depend for support, in holding it sufficient, on the Supreme Court in the Jones case.

There is a point made in some of the cases which we have just disapproved, and in others, as Clevinger v. Ins. Co., 71 Mo. App. 73, on the question of the allegation of ownership which may be urged in support of defendant's contention here as to value, but those cases should not be longer considered as authority. If there is a statement of ownership, as, for instance, if it be alleged to be "his" property, it will be sufficient after verdict, though defective and imperfect.

In this case the allegation of ownership is, "that on the ninth day of January, 1897, the said defendant, by its policy of insurance, No. 9373, herewith filed and marked exhibit A, insured plaintiff's property, to-wit: his furniture and fixtures, billiard tables, chairs, cues and racks, billiard balls, stoves, carpets, beds, bedding and all other such articles while contained in

the one-story brick, metal-roof building occupied by the insured
and situated on lot 8, in Riley's subdivision of the original town
of Plattsburg, in the total sum of four hundred dollars, against
all direct loss or damage by fire." This is followed by an
allegation of the destruction of the property by fire without
fault or negligence of plaintiff and to his damage in the
sum of four hundred dollars. These allegations should, of
course, have been more explicit. The petition should have
plainly stated such ownership as constituted an insurable inter-
est both at time of insurance and of loss. But since they were
not objected to until after verdict, the objection was too late
and the defect was cured.

That the petition, in actions on fire insurance policies,
should aver an ownership or insurable interest at the time the
insurance is taken and at time of loss, seems to be well settled.
Dickerman v. Ins. Co., 67 Vt. 99; Hardwick v. Ins. Co., 20
Ore. 547; Fowler v. Ins. Co., 26 N. Y. 422; Quarrier v. Ins.
Co., 10 West Va. 521-524. The policy is void as a mere
wagering contract, unless the insured has an insurable interest
in the property. Such interest and the loss of it constitute the
*foundation* of his action. It necessarily follows that he must
allege and prove it. We so held in Harness v. Ins. Co., 62
Mo. App. 245. The rule is constantly applied in cases involv-
ing other questions. It is so applied in actions on negotiable
promissory notes (Hart v. Wire Co., 91 Mo. 414; Jaccard v.
Anderson, 32 Mo. 190; Townsend v. Dry Goods Co., 85 Mo.
503). And to actions against a county where the authority to
make subscriptions to railroads must be alleged (Weil v.
Greene Co., 69 Mo. 281), as well as to a variety of other causes
of action not necessary to set forth here. In many of the cases
cited from other states, allegations as to value much less defect-
ive than that in this case were held not sufficient, though the
objection was taken after verdict. And the same may be said

of the cases cited from this State on similar questions in other actions. But we are, of course, bound by Jones v. Ins. Co., supra.

Defendant makes the further points here that there was no proof that the property was, at the time of the fire, in the building in which it was when insured. We think there was proof of this. It is true that here again, so far as this record shows, there is vagueness and indefiniteness. There is no direct testimony that the building burned is the same as the one in which the property was when insured. No point was made as to this at the trial except as it may be included in the demurrer to plaintiff's testimony. But the building is referred to by witnesses as the billiard hall. And one witness for plaintiff testified that "the fire burned the property in the policy just read on January 28." This building and the property insured were described in the policy, and the jury had the right to infer that the property was in the building when burned. Another witness said in the course of his testimony that, "I know that Mr. Gustin had this property in that house at the time of the fire."

The judgment will be affirmed. But as our decision is in conflict with the case of Coleman v. Ins. Co., 69 Mo. App. 566, decided by the St. Louis Court of Appeals (wherein it does not appear that that court's attention was called to the Jones case) we will transfer the cause to the Supreme Court. All concur.