HUGH L. ROGERS, Respondent, v. THE SHAWNEE FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. INSURANCE: Action: Pleading: Conclusion. A petition aver-ring that the insurer by its written policy for a stated con-sideration insured the insured against loss and destruction by fire is a sufficient statement of a contract for indemnity against loss and of a promise to pay for such loss; and an averment that the insurance was due, while a conclusion of law, is a mere amendable defect, since it is a sufficient averment of a fact to support the judgment.

2. TRIAL PRACTICE: Demurrer: Sustaining: Overruling: An-swer. Where a demurrer to a petition is sustained it is the better practice to set the order sustaining it aside before en-tering an order overruling it, but the latter procedure is a mere irregularity and not fatal; and the answering over is an aban-donment of the demurrer.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Bruce Barnett* and *Paul R. Stiston* for appellant.

(1)   The petition does not state facts sufficient to constitute a cause of action, and the court erred in overruling the defendant's demurrer thereto.   (2) The petition is insufficient in that it fails to allege any contract or promise to pay on the part of the defendant. Sappington v. Insurance Co., 72 Mo. App. 76; Hall v. Southmayd, 15 Barber 33; McKinney v. Bull, 16 N. Y. 303.   (3)   Even if the petition alleged facts sufficient to constitute a cause of action the court erred in rendering judgment by default against the defendant for the reason that the demurrer to the petition was in fact sustained, as shown by the record, and this order sustaining the demurrer was never set aside, and no amended petition was ever filed nor leave taken to file the same.

*John A. Cross* for respondent.

(1)   The demurrer to the petition admitted all the material facts alleged therein.   Dodson v. Lomax, 113 Mo. 555; Verdon v. St. Louis, 131 Mo. 26.   (2)   The petition states a cause of action and should be liberally construed with a view to substantial justice.   R. S. 1899, sec. 629; Davis v. Jacksonville S. L., 126 Mo. 69; Bricker v. Stone, 47 Mo. App. 530; Murphy v. Insurance Co., 70 Mo. App. 78.   (3)   By filing the second motion to set aside the judgment, and asking for leave to file its answer appellant waived whatever right it might have had for a review of the action of the court in overruling the demurrer.   Waters v. Insurance Co., 106 S. W. 1120; Fuggle v. Hobbs, 42 Mo. 541; Scoville v. Glasner, 79 Mo. 449.   (4)   The value of the property was fixed by the contract of insurance, and the averment of the amount for which it was insured was all that was necessary for that was all that plaintiff was required to prove.   R. S. 1899, secs. 7969, 7979; Howerton v. Insurance Co., 105 Mo. App. 575; Havens v.

Insurance Co., 123 Mo. 417; Stevens v. Insurance Co., 120 Mo. App. 88.

BROADDUS, P. J.—This is a suit on a fire insurance policy. The sufficiency of the petition is the subject of controversy, the defendant demurred to it in the trial court on the ground that it did not state a cause of action. On the 26th day of January, 1908, the court made an order of record sustaining the demurrer. On the 31st day of January the court reconsidered the demurrer and entered an order overruling the same, to which action of the court defendant excepted, and took leave to file answer to the petition thirty days before the next term. At the succeeding term judgment by default was rendered against defendant. At the same term defendant appeared and moved to set aside the default, which motion was overruled and defendant appealed. There are only two questions presented on the appeal, viz.:

First. That the petition does not state a cause of action. Second. That the court erred in rendering judgment by default for the reason that the demurrer to the petition had been sustained which action was never set aside and that the subsequent order sustaining it was nugatory.

The specific defects of the petition are that it fails to allege any contract of the defendant to pay any sum of money in the event of destruction of the property insured or its damage by fire. The petition alleges in substance; that defendant by its contract and policy of insurance in consideration of the sum of $26 paid, insured plaintiff against loss or damage by fire to the amount of $1,000, on property therein described; that the property was totally destroyed by fire; that defendant was notified of his loss; that he had complied with all the conditions of the policy; that he had demanded payment of the amount of his loss which de-

fendant refused; and that the same was due and payable at the time his action was commenced.

In Sappington v. Insurance Co., 72 Mo. App. 74, this court held that the petition in that case was bad, because it failed to allege the value of the property destroyed. And it was also suggested that the petition be amended in reference to the allegation of ownership of the property; the amount of plaintiff's loss; and that defendant promised or agreed to pay the amount of the loss. It seems to us the allegation in the petition that defendant by its written policy, for a stated consideration, by contract insured plaintiff against loss or destruction by fire was a sufficient statement of a contract for indemnity against such loss, and is a sufficient statement of a promise to pay the same. Indemnity signifies to reimburse, to make good and to compensate for loss or injury. [4 Words and Phrases, p. 3539.] Insurance is defined by Bouvier, "to be a contract by which one of the parties, called the insurer, binds himself to the other called the insured, to pay to him a sum of money, or otherwise indemnify him."

The petition fails to allege facts showing that the insurance is due, but it alleges that it was due. Defendant contends truly that the statement is merely a conclusion of law. But by reason of such defect it is not an entire failure to state a cause of action, but at most it is only a defective statement of a material allegation of plaintiff's cause of action. Notwithstanding it is a statement of a legal conclusion it is also a statement of a fact. It was sufficient to support the judgment.

The remaining point, that the court had no authority to overrule the demurrer while the record showed that it had already been sustained, is purely technical. It would have been the better practice to set aside the first order before any further action should be taken on the merits of the demurrer, but the effect of

the last order overruling the demurrer was in effect setting aside the former order sustaining it. In any event the defendant abandoned his demurrer by asking leave to file answer and taking time for the purpose. If defendant had intended to stand on its demurrer it should have so stated to the court and let judgment go at the time.

Affirmed. All concur.