F. P. McCORMICK, Respondent, v. MALVERN B. CLOPTON et al., Appellants.

St. Louis Court of Appeals, June 28, 1910.

1. **PLEADING: Failure to File Reply: Motion for Judgment on Pleadings.** Where an answer pleads affirmative defenses and no reply is filed, defendant must move for judgment on the pleadings, in order to avail himself of the omission.

2. **APPELLATE PRACTICE: Pleading: Omission to File Reply: Waiver.** Where no reply is filed to affirmative defenses pleaded in the answer and defendant fails to move for judgment on the pleadings, but the case is tried as though a reply were filed, the defense set forth in the answer will be treated, on appeal, as though it were traversed by a reply duly filed.

3. **STATUTE OF LIMITATIONS: Commencement of Action: Filing of Petition: Direction Not to Issue Summons.** Under section 566, Revised Statutes 1899, authorizing the institution of a suit by filing a petition in the clerk's office and suing out a summons thereon against defendant, a suit is "commenced," so as to arrest the bar of the Statute of Limitations, from the time the petition is filed, though the summons is not issued until later and after the expiration of the period of limitation, unless plaintiff directs the clerk not to issue until further orders, in which latter case the suit is to be treated as not commenced until a purpose to proceed with it is manifested by causing the summons to actually issue.

4. ——: ——: ——: ——: **Presumption in Favor of Judgment.** The record proper not showing that the delay, until after the expiration of the period of limitation, in the issuance of the summons on a petition filed before such expiration was at plaintiff's direction and there being no bill of exceptions showing that to be a fact, it will be presumed in favor of the judgment for plaintiff, notwithstanding the plea of limitation, that no such direction was given.

5. **SPECIAL TAXBILLS: Charter of City of St. Louis: Omitting to Name Owner of Property in Bill.** Under section 25, article 6 of the St. Louis city charter, providing that a certified special taxbill for a street improvement shall be prima facie evidence that the work and material charged therein were furnished, and of the execution of the work, and of the correctness of the rates or prices and the amount thereof, and of the liability of the person therein named as the owner of the land, charged with such bill, to pay the same, the mere omission of a special taxbill to name an owner of the land does not make it invalid or unenforceable against his interest in the property, but it is enough as to his interest that he is made a defendant and given an opportunity to defend, the only difference being, that as to a person having an interest in the land, and not named in the taxbill, matters of which the taxbill, if naming him, is prima facie evidence, must be proved *aliunde.*

6. ——: ——: ——: **Presumption in Favor of Judgment.** As against one having an interest in land against which a special taxbill, not naming him, issued, it will be presumed, in favor of the judgment, in the absence of anything but the record proper, that the facts of which the taxbill, if naming him, would have been prima facie evidence, were, as was necessary, proved *aliunde.*

7. ——: ——: **Necessity of Giving Owner of Land Notice: Notice to Beneficial Owner Sufficient.** Section 25, article 6, of the charter of the city of St. Louis contemplates that notice of the issuance of a special taxbill shall be given to the owner of the land before the lien may be enforced, but it is sufficient to treat the beneficial owner as appearing in the public registry of deeds as the owner within the purview of this section.

8. ——: ——: ——: ——: **Notice Held Unnecessary: Facts Stated.** In an action on a special taxbill for a street improvement, issued pursuant to the charter of the city of St. Louis, the petition did not treat one of the defendants, who was not named in the taxbill nor notified of its issuance, as the owner of the property against which it was issued, but proceeded as though plaintiff was uninformed as to his interest

and that he was made a defendant that he might set up whatever interest he had. The answer denied that the other defendants were the owners and averred that said defendant who had not been notified had an estate by the curtesy. No reply was filed, but the case was tried as though one was filed. *Held*, the judgment rendered against said defendant as though he had some interest other than that of life tenant was not void because he had not been notified of the issuance of the taxbill, since it was not admitted on the face of the record, no bill of exceptions being before the court, that he was either a life tenant or owner of the property, within the purview of section 25, article 6 of the charter of the city of St. Louis, so as to make a notice to him a prerequisite to a recovery.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

(1)   (a)   Those parts of the answer of M. B., Wm. H. Jr., and Emily Clopton which pleaded the statute of two years limitation stated a good defense. All the installments became due within two years after their date if no installment had been paid, and suit should have been brought in two years from their dates. Construction Co. v. Coal Co., 205 Mo. 63; Burns v. Ballinger, 76 Mo. App. 58. The lien of a special taxbill cannot be extended by any act of the parties. The charter creates the lien *nolens volens* against the property. It brings the lien into existence for two years, but no longer, except a suit shall be brought on the bill within two years and it extinguishes the lien at the end of that period, and it is against the policy of the law to allow the lien indefinitely to be extended by parol. Adkins v. Case, 81 Mo. App. 108.   (b)   Suit was not commenced within two years after date of the first taxbill sued on. The petition was filed within two years, but the clerk was directed not to issue summons until further directions, and the directions were given after the statute had begun to run. Adkins v. Case, supra; South Mo. L. Co.

v. Wright, 114 Mo. 334; State ex rel. v. Ross, 122 Mo. 456; White v. Reed, 60 Mo. App. 380. (2) The taxbills were not admissible against the owner of the land, Wm. H. Clopton, as prima-facie evidence that the work and material charged in the bills had been furnished, that the work had been done and that the rates charged were reasonable and the liability of W. H. Clopton because he was not named in the taxbills as owner. Prendergast v. Richards, 2 Mo. App. 187; Kefferstein v. Knox, 56 Mo. 186. Tenancy by curtesy exists in this State. Allender v. Warrance, 17 Mo. 278. The life tenant must pay taxes general and special. Bobb v. Wolf, 54 Mo. App. 515; Reyburn v. Wallace, 93 Mo. 326; Kefferstein v. Knox, 56 Mo. 187. (a) The taxbills were not admissible against the other defendants in the case because their names were unauthorizedly inserted in the taxbills after they had been issued and delivered. Kefferstein v. Knox, 56 Mo. 187.

*Barclay, Fauntleroy & Cullen* for respondent.

(1) If the question was open to review (as it is not for want of a bill of exceptions) the court's ruling sustaining plaintiff's motion to strike out would necessarily be held correct; the taxbills here sued upon are installment bills and the two-year limitation does not apply to such. St. Louis Charter, art. 6, sec. 25. The bills were not barred two years from their date. Barber Co. v. Meservey, 103 Mo. App. 191; Ross v. Gates, 93 S. W. 836; Ross v. Oglebay, 93 S. W. 859; Const. Co. v. Coal Co., 205 Mo. 49 (disapproving Burnes v. Ballinger, 76 Mo. App. 58). (2) The lien is against the land, including remaindermen and life tenants; any apportionment is a matter between them and does not affect the holder of the bill. Morey v. Duluth, 75 Minn. 221, 77 N. W. 829.

NORTONI, J.—This is a suit on two special tax-bills issued under the charter provisions of the city of St. Louis. Plaintiff recovered and defendants prosecute the appeal.

There is no bill of exceptions before us and the matters open for consideration arise entirely on the face of the record proper. The questions for decision are two in number: The first relates to defendants' plea of the Statute of Limitations which seems not to have been formally denied by filing a reply though the case was tried as if one had been duly filed, and the second pertains to the fact that the petition discloses one of the defendants was neither named in the taxbills nor notified of their issue, as is essential under the charter in case of an owner of property. It appears two taxbills were issued in payment for street improvements adjacent to defendants' property and when issued, the Belle Bryan Clopton Estate was named therein as the owner of the property on which the lien is sought to be enforced. From the allegations of the petition, we are informed that these taxbills were thereafter reissued and re-registered by the city authorities and instead of the Belle Bryan Clopton Estate being named as the owner, the heirs were substituted therefor. In other words, in the amended taxbills, the defendants, Malvern B. Clopton, William H. Clopton, Jr., and Emily Bryan Clopton were named as the owners of the property. It appears, too, that the defendants named in the amended taxbills are the heirs of Belle Bryan Clopton, deceased. The averments of the petition go to the effect that the three defendants named in the taxbills, Malvern B. Clopton, William H. Clopton, Jr., and Emily Bryan Clopton, were duly notified of the issue of such taxbills by the service of process on them in accordance with the provisions of the city charter under which the bills were issued. The petition is in two counts, the first of which declares on one of the taxbills and the second count on the other.

In all material respects, the two counts are substantially the same.  William H. Clopton, Sr., is made a party defendant, however, though his name is not mentioned in the taxbills and the suit proceeds against him as if he had some unknown interest in the property sought to be charged with the lien.  The petition as to defendant, William H. Clopton, Sr., does not go to the extent of charging him as owner of the property but instead it recites that plaintiff is informed and believes William H. Clopton, who was the husband of Belle Bryan Clopton, claims some interest in said property and he is made a party to the suit to the end that he may set up whatever interest he may have in said property.

The answer denies that Malvern B. Clopton, William H. Clopton, Jr., and Emily Bryan Clopton are owners of the property sought to be charged with the lien and asserts an estate in the defendant, William H. Clopton, their father, by curtesy.  It furthermore pleads the Statute of Limitations against the lien of the taxbills sought to be enforced.  The limitation thus pleaded is that provided in section 25 of the charter of the city of St. Louis as amended in 1901.  [See An. St. of Missouri, 1906, vol. 4, pp. 48, 63, 64, 65.]  Plaintiff omitted to file any reply whatever to this answer but the case proceeded as though the plea of the Statute of Limitations was traversed and the court found the issue for plaintiff to the effect that the lien was not barred by the statute referred to.

On appeal, the defendants argue the judgment of the trial court may not be sustained on the record proper for the reason the answer pleads the Statute of Limitations of two years and this defense was confessed because of the fact plaintiff omitted to file a reply denying it.  Of this argument it may be said first that though no reply was filed denying that the Statute of Limitations barred the lien, the case was tried throughout as if it were traversed.  For defendants to avail themselves of this matter on the face of the pleading on ac-

count of the omission of plaintiff to formally make a
denial by reply, it was incumbent on them to move the
trial court for judgment on the pleadings as they stood.
When this is not done, the appellate courts treat the
matter as having been waived by defendant and deal
with the case identically as the parties did on the trial;
that is to say, on appeal the defense set forth in the
answer will be treated as though it were traversed by the
plaintiff in a reply duly filed. [Roden v. Helm, 192 Mo.
71, 83, 85, 90 S. W. 798; State ex rel. McKown v. Wil-
liams, 77 Mo. 463.] In so far as the defense of the
Statute of Limitations is concerned, it depends entirely
upon the fact that a summons was not issued on the
petition immediately when it was filed. In other words,
it is conceded by defendant that the petition was filed
in the circuit court within the two year period of limi-
tations prescribed by the statute invoked in the answer.
But it is said the summons was not issued on the pe-
tition when filed for the reason plaintiff requested the
same to be withheld for a few days and that when the
summons was issued, the period prescribed in the Stat-
ute of Limitations had elapsed and its bar was com-
plete. Our statute, section 566, Revised Statutes 1899,
section 566, An. St. 1906, among other things, provides
that suits may be instituted in courts of record by filing
a petition in the office of the clerk and suing out therein
a writ of summons against the person of the defendant.
It is argued on this statute that as the record discloses
the summons was not issued until after the period of
limitations had expired, as shown by the averments of
the petition, the court should have found the issue for
defendants. Accepting the predicate of this argument
as true in point of fact, it may be said to be insufficient
as a matter of law in view of the decisions expounding
the statute. Notwithstanding the provision of the stat-
ute to the effect that the suit may be instituted by fil-
ing the petition and suing out the writ of the summons
thereon, the courts have declared in many instances that

the suit is commenced from the time the petition is filed though the summons is not issued until later. [Mc-Grath v. St. L. K. C., etc., R. Co., 128 Mo. 1, 30 S. W. 329; Gosline v. Thompson, 61 Mo. 471; Spurlock v. Sproule, 72 Mo. 503; South Mo. Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811.] Though the period prescribed by the statute expired after the filing of the petition and before the issue of summons thereon, it avails defendants nothing here, for the record proper shows no more than this alone. The bar of the statute was arrested by filing the petition itself though the summons was not immediately issued thereon, unless plaintiff voluntarily directed and instructed the clerk to withhold the issue of summons. It is very true that a different rule obtains in the circumstances last mentioned, for when it appears the party filing the petition directs the clerk not to issue summons thereon or deliver it to the sheriff until further orders, the suit will be treated as not commenced until a purpose to proceed therewith is manifested by causing the summons to actually issue. [White v. Reed, 60 Mo. App. 380.] There is nothing whatever in the record before us indicating such to be the fact in this case, however. The record shows the petition itself to have been filed within the limitation period and if the summons was withheld at the instance of the plaintiff, it does not appear in the record proper. If such was developed at the trial from evidence *aliunde,* as a matter *in pais,* it may not be considered here for there is no bill of exceptions before us presenting the fact. In the absence of a bill of exceptions, there is naught to suggest what the facts were with respect to this matter and the presumption must go in aid of the judgment to the effect that no such directions were given to the clerk. At most, it was a question of fact to be tried out on the circuit for it seems the entire defense of the Statute of Limitations rested upon this alone. If the bill were before us and it showed evidence pro and con on the matter, of course, the finding of the trial

judge would be conclusive in so far as this court is concerned. In other words, even if the evidence were before us, in the bill of exceptions, this matter would be unavailing to defendants here only on it appearing as an uncontroverted fact in the case. This is the only argument put forward here on behalf of the several defendants who were named in the taxbills and it should be overruled for the reasons stated.

But it is argued by defendant, William H. Clopton, Sr., that the judgment enforcing the lien of the taxbills as it affects his interest in the property as life tenant should be reversed for the reason he was not named in the special taxbills and received no notice whatever of their issue as owner. The question must be determined from what appears on the face of the record proper alone. As before stated, the petition reveals the suit to be one in which the lien of two special taxbills is sought to be enforced against the real estate therein described. Defendants, Malvern B. Clopton, William H. Clopton, Jr., and Emily Bryan Clopton are averred to be owners of the property and the petition avers as well that due notice of the issue of the taxbills was served on these defendants by the city marshal in accordance with the provisions of section 25 of the charter of the City of St. Louis. It sufficiently appears from the petition that William H. Clopton, Sr., was not named in the taxbills as owner of the property and that no notice of their issue was given to him as it was to the parties whose names appeared therein. There is no question in the case as to the sufficiency of the taxbills on account of a failure to name the three defendants mentioned as owners nor for failure to notify them as the charter prescribes. The question to be considered relates entirely to the omission to name William H. Clopton, Sr. in the bills as owner and the omission in respect of serving notice on him of their issue by the city marshal. The only averment contained in the petition with respect to William H. Clopton, Sr., is that plaintiff

is informed and believes defendant, William H. Clopton, Sr., who was the husband of Belle Bryan Clopton, deceased, claims some interest in said property and he is made a party defendant so that he may set up what his interest is, if any. ⸲ This averment ·appears in both counts of the petition. It is clear enough that the petition itself does not aver this defendant is owner of the property nor that he is the life tenant thereof by the curtesy. The provision to be found in section 25 of the charter of the city of St. Louis touching the matter as to what extent certified taxbills shall be prima facie evidence is to the effect that they are sufficient prima facie to evince the work and material charged in such bills where furnished, and of the execution of the work, and of the correctness of the rates or prices, amount thereof, and of the liability of the person therein named as the owner of the land, charged with such bill, to pay the same. Under this provision, it has been many times decided that a special taxbill is not invalid from the mere fact that it omits to name the owner therein. The authorities go to the effect that such bills may be enforced against the property even though a person who has an interest therein is not named in the bill. If such person is made a defendant to the suit and given an opportunity to defend, it will be sufficient as to his interests though not named in the bill. But as to such owners of property who are not named in the taxbill, the matters of which the bill is otherwise prima facie evidence must be proved *aliunde*. In other words, in the circumstances stated, the taxbill itself is not prima facie evidence of liability against an owner who is not named therein but amounts to no more than a link in the chain of evidence necessary to establish the validity of the charge against the lot. [Vieths v. Planet Property & Fin. Co., 64 Mo. App. 207; Heman Cons. Co. v. Loevy, 64 Mo. App. 430; Stadler, Admx., v. Roth, 59 Mo. 400; St. Louis to use of Rotchford v. DeNoue, 44 Mo. 136.] From this it is obvious that though William H. Clop-

ton, Sr., was not named in the taxbill, it nevertheless imported an obligation enforceable against his rights in the property which it was competent to establish by proof other than the bill itself. The record proper only being before us, it is to be presumed that such proof against this defendant was made as the law required and it is sufficient unless the fact that it appears on the record William H. Clopton, Sr. was not notified of the issue of the taxbills as owner of the property is of itself sufficient to defeat the lien as to his rights. The validity of defendant's argument in respect of this matter depends, we believe, upon the fact as to whether or not the record proper so conclusively discloses him to be an owner of the property as to require the court to accept his ownership as a matter beyond dispute and declare him to be entitled to notice of the issuance of the taxbill as such owner. Section 25 of the charter provides substantially that such taxbills shall become a lien upon the property charged therewith and may be collected of the owner of the land in the name of the contractor with interest, etc., after thirty days' notice of the issuance of the bills, "as hereinafter provided." It then directs that the city marshal shall, at the request of the owner of the taxbills, serve upon the parties named therein a notice of the issuance thereof, which notice must be served in the manner provided by law for the service of writs of summons in civil cases. It appears from the petition that no notice of the issuance of the taxbills was served upon this defendant. The first portion of the section above referred to seems to contemplate that notice of the issuance of the taxbill shall be given to the owner of the land before the lien may be enforced. But it is said to be sufficient to treat the beneficial owner as appearing in the public registry of deeds as the owner of the property within the purview of this section of the charter. [Barnett, Exr., v. Board of St. Louis Public Schools, 61 Mo. App. 539; St. Louis to use of Creamer v. Bernoudy, 43 Mo. 552, though not

under St. Louis charter; see also St. Joseph v. Forsee, 110 Mo. App. 127, 84 S. W. 98; Charter Oak Land & Lumber Co. v. Bippus, 200 Mo. 688, 98 S. W. 546.]

It is entirely clear that the petition does not treat this defendant as an owner of the property. Indeed, it proceeds as though the pleader were uninformed as to his interest, for besides averring specifically that his codefendants owned the property, it merely recites that he has some interest therein and is made a party to the end that he may set it up and defend, if so advised. But defendant argues that it conclusively appears on the face of the record he was the owner of the property in the sense of the law as life tenant and that his codefendants were remaindermen only. The answer set forth the fact that this defendant, and not those named in the taxbills, was the owner of the property and averred him to be a life tenant by the curtesy. It is urged these facts stand admitted on the record for the reason plaintiff omitted to file a reply thereto. Of this argument, it may be said again, as was before reasoned with respect to that pertaining to the Statute of Limitations, that the record discloses the case was tried throughout as if a reply had been filed. When such appears to be true, a defendant will be treated as having waived his right to invoke admissions in the pleadings by omitting to move for judgment thereon in the trial court. To the end of supporting the judgment on the record proper, the appellate court will, in such circumstances, treat the admissions invoked in the pleadings as having been traversed and put at issue by a competent reply. [Roden v. Helm, 192 Mo. 71, 83, 84, 85, 90 S. W. 798; State ex rel. Mc-Kown v. Williams, 77 Mo. 463.] On the issue thus made, the court found the facts when viewed after verdict as though defendant had some interest other than that of life tenant, for judgment was given as if he is an interested party notwithstanding the fact no notice of the taxbills was served upon him. If the court had found defendant to be an owner within the meaning of the

charter, it would seem the judgment as to him would not have been given, it appearing no notice of issuance of the taxbills had ever been served.

It is entirely clear that it is not admitted on the face of the record defendant is either a life tenant or owner of the property within the purview of the charter. So far as this record is concerned, he stands as a person having an interest in the property such as a lessee who might well enough be made a defendant to the action for the purpose of subjecting his interest to the lien, but not entitled to notice as owner.

The charter requires notice to be given only to the owner or those named in the taxbills. This defendant was not named in the bills and it does not appear that he was the owner. The judgment should be affirmed. It is so ordered. All concur.