JOHN W. BOULWARE, Respondent, v. FARMERS' & LABORERS' CO-OPERATIVE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Insurance:** CONSTRUCTION OF POLICY: LEASEHOLD OR OTHER INTEREST: EJUSDEM GENERIS. Where a particular enumeration is followed by general terms, the latter are limited in their application to the same class as those specified, and a stipulation in a policy of insurance on a threshing machine requiring if the interest in the property be a leasehold or other interest not absolute it must be stated in the application, etc., only requires the "other interest" to be of the same class as the leasehold and does not require the applicant to disclose the existence of a chattel mortgage which is a mere lien.

Boulware v. Ins. Co.

2. ——: CO-OPERATIVE COMPANY'S CONSTITUTION: AMOUNT OF RISK: ULTRA VIRES. The constitution of a co-operative insurance company prohibited a greater amount than $1,500 to be taken in any one risk. Plaintiff's policy was for $1,800. Held good for $1,500 and bad for the excess.

3. ——: INDIFFERENT BY-LAW OF COMPANY: PROPERTY COVERED. A by-law that no two or more risks shall be taken within one hundred feet of the outside limit of such risk is held meaningless and rejected; the policy in this case held to cover the threshing outfit with all its belongings.

4. ——: PLEADING: AIDER BY ANSWER: ISSUE: TRIAL. A petition on an insurance policy alleged that plaintiff had an interest, etc., as owner, etc., exceeding the amount of insurance, etc. The answer charged the actual cash value of the property did not exceed $2,100. The value of the insured property was a substantial issue throughout the trial. Held, the allegation as to value and ownership was sufficient after verdict, and a party can not repudiate his action adopted in the progress of the trial.

*Appeal from the Carroll Circuit Court.*—HON. JOHN B. HALE, Special Judge.

AFFIRMED.

LOZIER & MORRIS and VIRGIL CONKLING for appellant.

(1) Plaintiff's interest in the property insured being encumbered by chattel mortgage and therefore not absolute, no liability attached to defendant under the conditions of the policy. The word "absolute" defined. Standard Dictionary:—Free from limitation, dependence or relation; not limited or restricted by any power or authority extraneous or otherwise; perfectly certain; free from liability to change; free from dependence upon anything else for existence or certainty; unqualified; unconditional; free from all possible relations, whether necessary or voluntary; superlative in quantity and character; entire, total. Anderson's Law Dictionary; Bouvier's Law Dictionary. The word "interest" defined. Anderson's Law

Dictionary; Bouvier's Law Dictionary; Cobbey on Chattel Mortgages, secs. 4, 445, 448; Jones on Chattel Mortgages, secs. 1, 426; Ostrander on Fire Insurance, secs. 60, 71, 83, p. 232; McDowell v. Morath, 64 Mo. App. 290; Biddle on Insurance, pp. 220, 233, sec. 218; Torrop v. Ins. Co., 26 Can. S. C. 585. (2) Where a disclosure of the true interest of the assured, if the same be not absolute, is required by the policy, such interest must be stated to the company and indorsed on the policy, or the policy will be void. Ostrander on Fire Ins., middle of page 232, secs. 62, 80, 83, 84, 85; Armour v. Ins. Co., 90 N. Y. 450; Ins. Co. v. Resh, 40 Mich. 241; McLeod v. Ins. Co., 3 Russ & C. 156; Biddle on Ins., secs. 669, 673; Ins. Co. v. Lucas, Finch's Ins. Dig. 1894 (Ky.), p. 59; Flanders on Fire Ins., pp. 332 and 333; 2 Am. and Eng. Ency. of Law, p. 302; Waller v. Assur. Co., 10 Fed. Rep. 232, cited in Ostrander on Ins., sec. 80; Ins. Co. v. Clarke, 79 Tex. 23; 15 S. W. Rep. 166; Wilson v. Ins. Co., 55 N. W. Rep. 188; Peet v. Ins. Co., 64 N. W. Rep. 206; Collins v. Ins. Co., 64 N. W. Rep. 602; Ins. Co. v. Stein, 72 Miss. 943; 18 So. Rep. 114; Webster v. Ins. Co., 42 N. E. Rep. 546; Ins. Co. v. Ward, 26 S. W. Rep. 763. Missouri Authorities: Mers v. Ins. Co., 68 Mo. 127; Walker v. Ins. Co., 62 Mo. App. 209; Holloway v. Ins. Co., 48 Mo. App. 1; Milling Co. v. Ins. Co., 25 Mo. App. 259; Brooks v. Ins. Co., 11 Mo. App. 349; Maddox v. Ins. Co., 56 Mo. App. 346; Reithmueller v. Ins. Co., 20 Mo. App. 247; Barnard v. Ins. Co., 27 Mo. App. 26; May on Insurance, sec. 287; Wood on Insurance, secs. 86-151; Franklin v. Ins. Co., 42 Mo. 456. (3) Article 15 of defendant's constitution expressly prohibited the taking of any risk in excess of $1,500. The policy specifically advised plaintiff of this fact. Its issue for $1,800 was clearly *ultra vires*

and void. (4) Section 8 of by-laws advised plaintiff that two risks could not be taken within one hundred feet of each other. Defendant had no knowledge of the proximity of the two risks while plaintiff did. By accepting the policy he warranted that this risk was not within one hundred feet of the former one. The policy is therefore void for breach of this warranty. (5) The petition fails to state a cause of action, and is therefore fatally defective and will not support the judgment, for the following reasons: It fails to allege the value of the property destroyed. Sappington v. Ins. Co., 72 Mo. App. 74; Story v. Ins. Co., 61 Mo. App. 534; Wright v. Ins. Co., 73 Mo. App. 365; Coleman v. Ins. Co., 69 Mo. App. 566. It fails to allege the ownership of the property in plaintiff at the date of the issue of the policy, or at the time of the fire. Clevinger v. Ins. Co., 71 Mo. App. 73; Scott v. Ins. Co., 65 Mo. App. 75; Davis v. Ins. Co., Mo. App. Rep. 248; Harness v. Ins. Co., 62 Mo. App. 245; Story v. Ins. Co., 61 Mo. App. 534.

S. J. JONES and J. L. MINNIS for respondent.

(1) The insurance company made its own conditions and they will be interpreted most strongly against it. Renshaw v. Ins. Co., 103 Mo. 595; Hale v. Ins. Co., 46 Mo. App. 508; Brown v. Assur. Co., 45 Mo. 221; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301. (2) The words "or other interest not absolute" are restricted in their meaning to interests of the same class and kind as leaseholds. Gaylord v. Ins. Co., 40 Mo. 13; Johnson Co. v. Wood, 84 Mo. 489; St. Joseph v. Porter, 29 Mo. App. 605; Schulenberg v. Magwire, 42 Mo. 391; Straus v. Ins. Co., 94 Mo. 182; Ellis v. Ins. Co., 32 Fed. Rep. 646; Corrigan v. Ins. Co., 53 Vt. 418; Am. A. G. Co. v. Ins. Co.,

48 N. Y. S. R. 653; Hubbard v. Ins. Co., 33 Iowa, 325; Ins. Co. v. Beck, 43 Md. 358; Taylor v. Ins. Co., 120 Mass. 254; Daliver v. Ins. Co., 128 Mass. 315; Corsan v. Ins. Co., 43 N. J. Law, 300; Kronk v. Ins. Co., 91 Pa. St. 300; Ins. Co. v. Wield, 28 Grat. (Va.) 389; Quorrier v. Ins. Co., 10 W. Va. 507. (3) In reply we say the policy sued on did not require "a disclosure of the true interest of the insured." The policy sued on required no disclosure of insured's interest in the property, unless such interest was "a leasehold or other interest not absolute." Franklin v. Ins. Co., 42 Mo. 459; Morrison v. Ins. Co., 18 Mo. 262; Biddle on Insurance, sec. 540, p. B. 494; Liberty Hall Ass'n v. Ins. Co., 7 Gray (Mass.) 261; Ins. Co. v. Mahone, 56 Miss. 180; Cason v. Ins. Co., 43 N. J. L. 300; Ins. Co. v. McCullough, 21 Ohio St. 176; Ins. Co. v. Paul, 91 Pa. St. 520; Western, etc., v. Ins. Co., 27 Am. St. Rep. 703; Hall v. Ins. Co., 32 Am. St. Rep. 497; Shell v. Ins. Co., 60 Mo. App. 644; Boggs v. Ins. Co., 30 Mo. 63. (4) It has been the law from Coke's time that "where a man doth that which he is authorized to do and more there it is good for that which is warranted and void for the rest." Coke Litt. 258; Bank v. Harrison, 57 Mo. 503; 5 Thompson on Corporations, sec. 5981. (5) Where appellant's counsel get their authority for saying that the by-laws prohibit the taking of two risks within one hundred feet of each other, we are unable to say. Certainly not from section 8 of said by-laws. We confess that we do not comprehend the meaning of the clause "no two or more risks shall be taken within one hundred feet from the outside limit of such risk." This contention does not merit consideration. (6) The petition in the respect complained of is certainly good after verdict.

GILL, J.—Defendant has appealed from a judgment of $1,500 rendered against it by the court below on account of the destruction by fire of a threshing outfit belonging to plaintiff on which defendant had issued its policy of insurance in the sum of $1,800. The cause was tried by a special judge, sitting as jury, and no instructions were asked or given. The case will be treated in the order of defendant's brief.

I. At the time the policy was applied for and issued, as well as at the date of the fire, there was a chattel mortgage covering the property given by plaintiff for a balance of the purchase price, but the debt was not then due. In the defendant's by-laws—which were printed on the policy referred to therein and made a part thereof—it was stipulated that "if the interest in the property to be insured be a *leasehold or other interest not absolute* it must be so stated in the application, otherwise the policy will be void and will not attach." In the plaintiff's application no reference was made to the above named mortgage; it is then contended that the policy never took effect because of the terms of the by-law just quoted.

INSURANCE: construction of policy: leasehold or other interest: ejusdem generis.

The question then is whether plaintiff's interest in the property insured comes within the meaning of the language, "*a leasehold or other interest not absolute;*" if so, then the policy became void by its terms.

It is a well established rule of construction that where a particular enumeration is followed by general terms or words the latter shall be limited in their application to the same class as those specified. We have here specified "leaseholds," followed by the general words, "or other interest not absolute." These general terms then should be held as meaning other estates or titles of like, kind or character to that of leasehold. In Gaylord v. Ins. Co., 40 Mo. 13, this was the language

of the policy: "If the interest in the property to be insured be a leasehold, trustee, mortgagee or reversionary interest, *or other interest not absolute*, it must be expressed in the policy or the same would be void. The plaintiff, in that case, was the purchaser of the property insured under a mortgage foreclosure in the state of Illinois, where the mortgagor had still an unexpired time for redemption. This was the condition of the title when the policy was issued and when the fire occurred. But the court held that the language "leasehold, etc., * * * or other interest not absolute" did not include the particular interest of the insured. "It did not," says the court, "come within the special intent of this clause, which rather related to lesser estates, or interests, of the class particularly enumerated."

In Ellis v. Ins. Co., 32 Fed. Rep. 646, Judges Brewer, Love and Shiras decided a case where the insured owned the property subject to certain mortgages which were not disclosed in the policy and where the language of the contract was: "If insurance is desired on property on leased ground, or on property of any kind in which the interest of the applicant for insurance does not amount to the entire, sole and absolute ownership, it must, in every such case, be so represented and clearly expressed in the body of the policy, otherwise there will be no liability," etc. In the opinion—after referring to the well known fact that applications for insurance (prepared by the companies) are directed to two principal and independent inquiries, that is, first, what is the character of the applicant's title, and, second, what, if any, incumbrances thereon —Judge BREWER says: "It is further known that the policies and blanks for application are prepared by the insurance companies, and it is familiar law that the stipulations and provisions therein are to be construed

strictly against the insurer; th at if there is any fact respecting which information is desired, or any provision which it is deemed necessary to insert, it is the duty, because it is the interest, of the insurer, to see that there is a clear and expressed stipulati on covering the matter. With those two well known facts before us, it seems to us that this stipulation must be held to refer, not to the matter of incumbrance at all, but to the character and quality of the title, whether that of a fee simple or leasehold or otherwise.'' In that case the plaintiff was allowed to recover, notwithstanding the existence of mortgages on the property.

In Biddle on Insurance (vol. 1, sec. 685) the author, commenting generally on the various provisions, such as we have here, states it, as a rule, that ''where such provisos contain no special reference to incumbra nces, or to an incumbered title *eo nomine*, that the conditions of such provisos may be fulfilled by evidence of a' title in fee, though incumbered by mortgages or liens.'' To sustain the text numerous cases are cited in the footnote; among others see Hubbard v. Ins. Co., 33 Iowa, 325; Carrigan v. Ins. Co., 53 Vt. 418. The chattel mortgagor, as in this case, is considered still the absolute owner, the mortgage being a mere lien or incumbrance.

So, too, it has been held that the insured is not obliged, in the absence of a stipulation to that effect, to disclose the precise nature of his title; his policy will only be affected by a fraudulent concealment. If the company desires such information it must protect itself by inquiry or by the conditions of the policy. Morrison's Adm. v. Ins. Co., 18 Mo. 262; 1 Biddle on Insurance, sec. 669.

In view then of the law above discussed, we hold that the policy in suit was not rendered void by reason of the provision requiring the application to disclose·

the interest of the assured if it be "a leasehold or other interest not absolute." This is all that need be said with reference to points 1 and 2 of defendant's brief.

II. The next objection to a recovery is based on article 15 of defendant's constitution, which in terms provides, that "no more than fifteen hundred dollars shall be taken in any one risk." This is found among the provisions of defendant's constitution referred to and made a part of the policy. Plaintiff's ——: co-operative company's constitution: amount of risks: ultra vires. policy fixed the indemnity to be paid in case of loss at $1,800 and it is now contended that by reason of this excess the entire policy is avoided as *ultra vires*.

This position is untenable. A complete answer thereto is found in the language of our supreme court in Bank v. Harrison, 57 Mo. loc. cit. 511: "If power be given to a corporation to do an act in a particular way, as to loan money on personal security, and it adopt a different method of performance, as by making a loan on real estate, the act is *ultra vires* and void. If, however, the departure apply, not to the method itself, but purely to extent or quantity in an authorized feature, then the act is good up to the limit of extent or quantity, and void as to the excess. The test inquiry is, whether part of the undertaking may be cut off, and what remains be in fulfillment of the law. Coke says: 'Where a man doth that which he is authorized to do, and *more*, there it is good for that which is warranted, and void for the rest.'" See also 5 Thomps. on Corp., sec. 5981. In the case at bar the trial court deducted the excess of $300 and entered judgment for $1,500—following the just and proper rule just announced. This was correct.

III. It seems that at about the same time the policy in suit was issued plaintiff procured from the

same company a second policy covering the barn or shed in which the threshing machine was stored. This, it is contended, was in violation of one of defendant's by-law's providing, that "no two or more risks shall be taken within one hundred feet from the outside limit of such risk."

——: indifferent by-laws of company: property covered.

The so-called by-law, just quoted, is so unintelligible and meaningless as to justify its rejection altogether. If the defendant company sought to prohibit the taking of two or more risks within one hundred feet of each other, language clearly stating such intention should have been used. The point is without merit.

Equally without merit are objections relating to the admission and exclusion of evidence. When the policy is considered along with the application and testimony the manifest purpose was to insure the entire threshing outfit, including all the machinery and attachments, engine, separator, feeder, weigher, stacker, tank, etc.

IV. Lastly defendant questions the sufficiency of plaintiff's petition. The main objection is that it fails to allege the value of the property destroyed, or that plaintiff was the owner thereof at the date of the policy or at the time of the fire. As to the first of these contentions, defendant's counsel seem to rely on Wright v. Ins. Co., 73 Mo. App. 365, and cases of like character there cited. These cases correctly hold that the value of the goods destroyed is a necessary ingredient in the petition, and should therefore be alleged and proved. As said in Story v. Ins. Co., 61 Mo. App. 334, "the insurer is responsible only to the extent of the loss of the assured in the property insured which must be averred in the petition and shown at the trial."

——: pleading: aider by answer: issue: trial.

In this case the petition, after alleging that defendant made its policy insuring the plaintiff on the property described in the sum of $1,800 further states that "at the time of issuing said policy, and at all of the times from said date, to the occurrence of the fire hereinafter mentioned, plaintiff *had an interest in all of the property insured as the owner thereof, to an amount exceeding the amount of the insurance on the property mentioned in said policy* and that on the —— day of September, 1896, while said policy was in force the building in which the same was contained without any fault on the part of the plaintiff was burned, and that the property insured by said policy was totally destroyed by fire; that plaintiff duly performed all the conditions required by him by the terms of said policy and in due time after the fire, and more than —— days before the commencement of this action to wit: on the —— day of September, 1896, gave to defendant through its agent due notice and proof of the fire aforesaid and demanded payment of the sum insured; that defendant's secretary and agent came upon the premises, where said fire had occurred and viewed said premises and ascertained the amount of plaintiff's loss and assured plaintiff that the loss so sustained by him would be by defendant promptly and satisfactorily settled and adjusted; that although a long period of time has since elapsed defendant has failed and refused to pay said loss and still fails and refuses to pay the same."

In defendant's answer, among other allegations it is stated, that defendant was not authorized by its constitution to issue insurance beyond two thirds of the cash value covered by the policy, "and in relation thereto" (quoting the language of the answer) "defendant avers and charges, *that the actual cash value of the property insured did not exceed the sum of $2,100,*

wherefore defendant says that by reason thereof no lia-
bility exists against this company.''

As a further history of the case, it is proper to
state, that at the trial evidence went in *without objection*
and witnesses were at length examined by both parties
all in relation to the actual cash value of the property
insured and destroyed; it seems indeed that the ques-
tion as to the value of the property was the main issue
tried.   This, with the contest relating to the mortgage
heretofore  referred to, comprised the principal matters
of controversy between the parties.

Even then should it be conceded that the petition
was technically faulty in failing to allege in clear, dis-
tinct language the value of the property destroyed, it
would seem that defendant's answer *aided* the petition
and brought forward the question of value as a real
issue in the case.   "Defendant avers" (quoting the
answer) "that the actual cash value of the property
insured did not exceed the sum of $2,100.''   This the
reply put in issue, and hence the matter of value of the
insured property became a substantial issue in the
cause, and it was so tried; the parties treated this as a
contested fact.   At all events, when we consider this
entire record, petition, answer and the testimony
adduced, we think defendant must be treated as hav-
ing waived the imperfections of the pleading, and the
same should be held good enough after verdict.   A
similar matter of pleading was before our supreme
court in Jones v. Ins. Co., 55 Mo. 342.   Judge NAPTON
thus states the point and the conclusions of the court
thereon:   "The objections to the petition are, that it
nowhere alleges the value of the property insured, or
that it was of any value, or that its destruction was any
damage to plaintiff.   The petition alleges that defend-
ant undertook to insure the plaintiff against any loss by

fire to the amount of $1,200 on certain property described, and that by said policy the defendant promised to make good unto plaintiff all such loss and damage sustained by plaintiff as should happen by fire to the property insured * * *. It is further stated that on the 20th of October, 1871, the said property so insured by defendant was destroyed by fire," etc. The learned judge then closes with this language: "These averments of value and loss would seem to be sufficient after verdict. That the property insured was totally destroyed by fire would seem to be a distinct averment of loss to the amount of the value of the property. That an insurance was given on this property to the amount of $1,200 would strongly imply that at least in the estimation of the underwriters it was at least worth as much as that or more. We think the petition good after verdict."

The force of this decision of the supreme court is not impaired by the fact that the loss there arose from the destruction of a building (real estate) while in the case at bar personal property was insured. The statute we have now, concluding the insurance company as to the value of real property by the amount stated in the policy, was not then in force; it was not enacted until years after the opinion in Jones v. Ins. Co., *supra*, was rendered. The petition here is more complete in its allegations of value than the one found in the case just quoted from. Though perhaps technically defective, and such as might have been condemned on motion or demurrer filed at the proper time, yet said petition will be sustained after verdict.

"Having elected to adopt a certain course of action by and with the approval of the trial court, neither party will now be heard to say that it was not warranted by the written pleadings in the case. * *. * It can now be announced as the fixed policy of our practice

that parties litigant will be confined to the course of action they have adopted throughout the progress of the trial even though that course be inconsistent with the one indicated by the pleadings on file." Hill v. Drug Co., 140 Mo. 433.

What is here said in relation to the allegation of value applies with even more force to the objection relating to the ownership of the property. The petition alleges that plaintiff was interested in the property "as the *owner* thereof to an amount exceeding the amount of the insurance," etc. This was sufficient, at least after the verdict.

Other objections to the petition have been considered and found without merit. Finding no reversible error in the record the judgment will be affirmed.