J. W. SHAVER, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, of Jackson, Missouri, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Insurance**: PLEADING: ALLEGATION OF OWNERSHIP. In a petition on an insurance policy an allegation that an insurance was taken on *his* stock of general merchandise, though a defective averment of ownership, is sufficient after verdict.

2. ———: ———: ALLEGATION OF TERM OF INSURANCE. A petition on a policy of insurance that fails to state that the insurance was for a definite period extending beyond the date of loss, is defective.

3. ———: ———: ALLEGATION OF LOSS: RECOVERY: INTEREST. A petition on a policy of insurance covering a definite sum on merchandise and another definite sum on furniture which alleges only the loss of the merchandise will not permit a recovery for the sum on the furniture and for interest, no interest being asked in the petition.

4. **Pleading**: DEFECTIVE ALLEGATION V. FAILURE OF AVERMENT: CURE BY VERDICT. Defective allegations of material facts are cured by a verdict, but an entire failure to set out the constitutive elements of a cause of action are not so cured.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

FYKE, YATES, FYKE & SNIDER for appellant.

(1) The only agreement alleged in the petition to have existed by virtue of the contract on which plaintiff seeks to recover, is an agreement or promise to insure, there being no promise to pay plaintiff any sum of money at any time, under any circumstances, conditional or otherwise, and the language used, "such corporation contracted with and insured plaintiff" is not equivalent to a promise to pay, as it is not necessarily such a promise. Lanitz v. King, 93 Mo. 513; Loehr v. Murphy, 45 Mo. App. 519; Pier v. Heinrichoffen, 52 Mo. 333; Scott v. Robards, 67 Mo. 289; State ex rel. v. Bacon, 24 Mo. App. 403; Sappington v. Ins. Co., 72 Mo. App. 74. (2) A contract of insurance is not a contract for which a consideration can be implied. The petition merely alleges that a contract existed without alleging any consideration. This omission is fatal. County of Montgomery v. Auchley, 92 Mo. 126; Caples v. Branham, 20 Mo. 244; Wesson v. Horner, 25 Mo. 81; Ostrander on Fire Ins. [2 Ed.], p. 27, and cases cited. (3 The petition does not allege that the furniture and fixtures insured under the policy, which, it was claimed, covered the furniture and fixtures as well as the stock of goods, were destroyed by the fire which destroyed the goods and the building. McConey v. Wallace, 22 Mo. App. 377; Bredell v. Alexander, 8 Mo. App. 110. (4) The petition does not state that the amount sued for was due at the time of bringing suit, nor does it set out any condition of the policy sued on upon performance of which it would become due, nor payment had previously been demanded and refused. There is nothing in the petition from which the court could assume

or infer the amount claimed had become due or been demanded and refused.    Inhabitants v. Williams, 53 Mo. 141; Cook v. Putnam Co., 70 Mo. 668; Frazer v. Roberts, 32 Mo. 457; Brown v. Shock, 27 Mo. App. 351; Spears v. Bond, 79 Mo. 468; Furnishing Co. v. Wallace, 21 Mo. App. 128.    (5) The judgment is excessive and for a larger amount than prayed.    The court's instruction to allow six per cent interest was mandatory and erroneous.    Wright v. Jacobs, 61 Mo. 19; Maupin v. Triplett, 5 Mo. 423; Carr & Co. v. Edwards, 1 Mo. 137; Girvin v. Refrigerator, etc. Co., 66 Mo. App. 315.

E. C. HALL for respondent.

(1)    The statement in the petition that the "defendant * * insured the plaintiff by their certain policy of fire insurance * * on his stock of general merchandise for $1,250 and on office furniture, show cases and fixtures for $250," etc., is a sufficient allegation of ownership.    (2)    The words, "contracted with and insured the plaintiff by their certain policy of fire insurance," etc., is good after verdict.    Dillon v. Hunt, 82 Mo. 150; Eans' Adm'r v. Bank, 79 Mo. 182; Weaver v. Harlan, 48 Mo. App. 319.    (3)    When a petition shows, at least by intendment, a contract between plaintiff and defendant and a right to recover thereon, a general demurrer will not lie, but the defect, if any, must be reached by motion to make definite and certain.    Hirsch v. Grand Lodge, 56 Mo. App. 101.    If the defect was such that a general demurrer would lie, then defendant must stand on his demurrer.    Spillane v. Railway, 111 Mo. 555.    (4)    The defendant by answering over waived the demurrer.    Ware v. Johnson, 55 Mo. 500; State to use v. Sappington, 68 Mo. 455; Sappington v. Railway, 14 Mo. App. 86.    (5)    Where the allegations of the petition are not as explicit as they might have been made, yet are such that the meaning and connection must necessarily be inferred, and upon the trial the jury are instructed that in order to a verdict for plaintiff they must

find the necessary facts stated or meant by the petition, the defect if any is cured by verdict. Hamlin v. Carruthers, 19 Mo. App. 567; R. S. 1889, sec, 2113; O'Conner v. Standard Theatre Co., 17 Mo. App. 675; State ex rel. v. Carroll, 63 Mo. 156; Bowie v. Kansas City, 51 Mo. 454; Revelle v. Railroad, 74 Mo. 438; Garth v. Caldwell, 72 Mo. 622; State ex rel. v. County Court, 51 Mo. 522. (6) Although a pleading may be defective, yet if it appear after verdict that the verdict could not have been rendered without proof of the matters omitted in the pleading, the defect will be cured by verdict and the judgment will not be arrested. Jones v. Louderman, 39 Mo. 287; Richardson v. Farmer, 36 Mo. 35; Shaler v. Van Wormer, 33 Mo. 386; Jones v. Ins. Co., 55 Mo. 342; Edmonson v. Phillips, 73 Mo. 57; State ex rel. v. Williams, 77 Mo. 463; Grove v. Kansas City, 75 Mo. 672; Peck v. Bridwell, 10 Mo. App. 524; Frost v. Pryor, 7 Mo. 314.

GILL, J.—This is an action to recover insurance. Plaintiff had judgment below and defendant appealed. In the circuit court, defendant, both by demurrer and motion in arrest, objected to the sufficiency of the petition, claiming that it failed in several respects to state facts sufficient to constitute a cause of action.

Omitting the mere formal allegations relating to the incorporation of defendant, etc., the substance of the petition reads: "That on the — day of March, 1897, the defendant contracted with and insured the plaintiff by their certain policy of fire insurance on his stock of general merchandise for $1,250, and on office furniture, show cases and fixtures for $250, while contained in his store house (here describing the location) in Clinton county, Missouri, aggregating the sum of fifteen hundred dollars; that the stock of general merchandise and furniture and fixtures was of the value of three thousand dollars and more, and was the property of plaintiff at

the time of the fire herein mentioned; that on the 27th day
of October, 1897, the said stock of general merchandise, while
contained in the said storehouse, was, with the said store-
house, totally destroyed by fire, to the damage to plaintiff in
the sum of three thousand dollars and more.     Wherefore
plaintiff asks judgment for the sum of fifteen hundred dollars
and costs of this action."

On the first hearing of this case we decided that the
petition was fatally defective, because, as we thought, it failed
to allege that plaintiff was the owner of the
goods when the policy was issued, that the
allegation that the insurance was taken "on *his*
stock of general merchandise," etc., was not
sufficient, basing our decision on the Clevinger

INSURANCE:
pleading: allega-
tion of owner-
ship.

case reported in 71 Mo. App. 73.     Since the first decision,
however, we have, on further reflection, concluded that said
allegation, though defective, should be held sufficient after
verdict.     The reasons for thus holding are stated in Gustin
v. Ins. Co. and in Boulware v. Ins. Co., 77 Mo. App. 639, both
decided at the last term.

But there are other and more serious defects in the peti-
tion above quoted.     Presumably the pleader intended to
ground the action on a contract whereby de-
fendant agreed, for a valuable consideration,
to indemnify the plaintiff against loss by fire on
his merchandise, etc., during a certain period

—: —: allega-
tion of term of
insurance.

covered by the policy; but the petition fails to state that the
defendant undertook to insure for a definite period. It merely
alleges that in March, 1897, the defendant by its policy of
insurance "contracted with and insured the plaintiff" on cer-
tain property and that it was about seven months thereafter
destroyed by fire.     Whether the insurance covered the date
of loss does not appear.

Again the petition alleges insurance on a stock of general
merchandise contained in a certain building for $1,250 and

$250 insurance on certain office furniture, show cases and fixtures situated in the same building; but when alleging destruction of property the petition declares only the loss of the *general merchandise,* leaving it to be inferred that the furniture, fixtures, etc., were saved and rot destroyed. And yet the plaintiff was permitted under the court's instruction to recover the insurance, *with interest added,* for the general merchandise *and* the furniture and fixtures, whereas, according to the petition, none of the latter were destroyed, and whereas also no interest was asked in the petition.

*——:——: allegation of loss: recovery: interest.*

The petition also fails to allege that the insurance money was due at the institution of the suit, nor does it allege anything from which such fact may be reasonably inferred.

It is useless to insist that these various errors are cured by verdict. *Defective* allegations of material facts are so cured, but not so as to the entire failure to set out the constitutive, indispensable elements of a cause of action. The absence of these may be objected to when the case gets into the appellate court even though such objections were not raised in the lower court. Smith v. Burrus, 106 Mo. 94, and numerous other cases that might be cited.

The judgment will be reversed and cause remanded, so that the plaintiff may amend his petition and the cause be then retried. All concur.