JOHN W. SHAVER, Respondent, v. MERCANTILE MUTUAL INSURANCE COMPANY, Appellant.

**Kansas City Court of Appeals, June 11. 1900.**

1. **Insurance: PETITION: VALUE: DEMURRER.** A petition on a policy of insurance should allege the value of the property burned, at the time of the fire, but if the whole petition shows that the goods destroyed were worth a given sum, and being totally destroyed, plaintiff was damaged in such sum, it is not demurrable as not stating a cause of action however inartistic it may be in the fact.

2. ————: **REALTY: PERSONALTY: VALUE: DEMURRER.** Though a petition may in some of its allegations confuse the value of the real and personal property insured, yet if as a whole it states that the personalty was insured for $1,500, and its value was $3,500, and the plaintiff was damaged in the last named sum and was entitled to $1,500 judgment, it is sufficient.

Appeal from the Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Turney & Goodrich, Fyke, Yates, Fyke & Snider* for appellant.

This court in Wright v. Ins. Co., 73 Mo. App. 365, held that the point raised there, the same as our contention here, i. e. the failure of the petition to allege the value of the goods destroyed at the time of the destruction was an objection properly raised and an omission which to plaintiff's cause was fatal, that there should have been an allegation of the

value of goods destroyed at the time of their destruction. Backing that up by like holdings in Story v. Ins. Co., 61 Mo. App. 534; Green v. Ins. Co., 69 Mo. App. 429; and Coleman v. Ins. Co., 69 Mo. App. 566; Furnishing Co. v. Wallace, 21 Mo. App. 128.

*E. C. Hall* for respondent.

Filed argument.

ELLISON, J.—The plaintiff brought this action on a policy of fire insurance, insuring plaintiff's stock of goods and fixtures contained in a certain building. A demurrer to the petition was filed on the ground that it did not state a cause of action. The demurrer was overruled and defendant refusing to answer judgment was rendered for the plaintiff. This is the second appeal: 79 Mo. App. 420.

The grounds specified here in support of the demurrer are that the petition does not allege the value of the personal property at the time of the fire and that it does not allege what plaintiff's loss was by reason of the burning of the personal property as distinguished from the loss of the building not insured.

Our opinion is, that the petition does state a cause of action though it is defectively stated. The demurrer on the sole ground that it failed to state a cause of action was properly overruled. The petition alleges the value of the personal property at $3,500 and that it was insured for $1,500, and properly alleges its location in a certain building. The petition then alleges that the personal property was totally destroyed by fire to the plaintiff's damage in the sum of $3,500, its value when insured. It should have alleged, in terms, that its value at the time of fire was $3,500, since consequential damages might result from a fire far beyond the value of the property insured. But the whole petition

shows that it was meant to say that the stock and fixtures were worth $3,500, and being totally destroyed plaintiff was damaged in that sum.

But defendant argues that plaintiff has so mixed his allegation of destruction of personal property insured with the building, not insured, as to make it impossible to say that his claim of being damaged applies alone to the destruction of the personal property. The appearance of the allegation in this respect, taken alone, gives ground for this contention, but it is clear that the whole pleading means to state that the insurance of the personalty was in the sum of $1,500 and that its value was $3,500, and that his damage by reason of its destruction was $3,500, its full value, and that he therefore was entitled to judgment for $1,500 as prayed. In alleging that the building burned with the personalty it was not meant to include its loss as a part of the damage.

If the demurrer had been based on defective, uncertain and indefinite allegations, pointing them out as they have been here, the plaintiff would probably have offered an amended petition; but since, as before stated, the only ground assigned was that no cause of action was stated, the learned trial judge made the proper ruling. It is well to remark here that several of the cases cited by defendant have been overruled. See Gustin v. Ins. Co., — Mo. —, and Boulware v. Ins. Co., 77 Mo. App. 639.

The judgment will be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.